KINGSLEY & KINGSLEY, APC
DARREN M. COHEN, ESQ.   SBN-221938
dcohen@kingsleykingsley.com
16133 VENTURA BLVD., SUITE 1200
ENCINO, CA 91436
(818) 990-8300; FAX (818) 990-2903

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN A. ARREOLA, an individual, on behalf of himself and others similarly situated, | Case No.: 2:19-cv-04123-JAK-MAA |
| | *[Assigned for all purposes to the Honorable John A. Kronstadt]* |
| Plaintiff, | CLASS ACTION |
| vs. | **NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| SHAMROCK FOODS COMPANY; and DOES 1 to 50, inclusive, | |
| Defendants. | *[Filed concurrently with Supporting Declarations of Darren M. Cohen, Norman Alcantara, and Steven A. Arreola; [Proposed] Order; and [Proposed] Judgment* |
| | Hearing:   August 30, 2021<br>Time:        8:30 a.m.<br>Dept.:       Courtroom 10B |
| | Original Complaint: March 21, 2019<br>Amended Complaint:  August 13, 2019 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on **August 30, 2021**, at **8:30 a.m.** or as soon thereafter as counsel may be heard, in Courtroom 10B of this Court, before the Honorable John A. Kronstadt, Plaintiff Steven A. Arreola ("Plaintiff"), will and hereby does move this Court for an order pursuant to Federal Rule of Civil Procedure 23 granting final approval of the Joint Stipulation of Settlement and Release Between Plaintiff and Defendant and related Amendments ("Settlement" or "Settlement Agreement") entered into between the parties in this action. Specifically, Plaintiff seeks an order: (1) certifying the Class for settlement purposes only; (2) finding the Settlement fair, reasonable and adequate, and in the best interests of the Class Members; (3) approving Class Counsel's application for an award of attorney's fees of $103,250.00 and reasonable costs; (4) approving the Class Representative's application for $7,500.00; (5) approving the payment of the reasonable settlement administrative costs; (6) granting final approval of the class action settlement in this matter and entering of a Final Order and Judgment incorporating by reference the terms and definitions in the Settlement.

Plaintiff brings this Motion in accordance with the Court's Order Granting Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF Nos. 39), and pursuant to the Court's authority to approve the Settlement upon finding that it is fair, reasonable, and adequate under Rule 23(e)(2) of the Federal Rules of Civil Procedure. The proposed settlement is fair, adequate, and reasonable and in the best interests of the Class as a whole. The procedures proposed by the Parties have been adequate to ensure the opportunity of Class Members to participate in, opt out of, or object to the Settlement, and it has been preliminarily approved. Settlement Administration has been completed successfully, and the Settlement provides reasonable compensation to the Class Members for their claims against Defendant.

Plaintiff requests entry of the concurrently provided [Proposed] Order

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

granting Final Approval of the Settlement Agreement and awarding the Settlement

Administrator, Simpluris, Inc. ("Simpluris"), reasonable administration costs and

fees of $5,999.00. The Administration has been summarized and addressed by the

Administrator in connection with the Fees and Costs Motion and in the

concurrently filed Declaration of Norman Alcantara Regarding Notice and

Settlement Administration. Plaintiff further requests that the Court approve the

requested attorney's fees and costs and representative enhancement award, as

addressed in the concurrently filed Fees and Costs Motion. Plaintiff respectfully

submits good cause exists for granting the Motion for the reasons set forth in the

filed documents, and those submitted with the Fees and Costs Motion.

This Motion is based upon this Notice of Motion and Unopposed Motion, the

Memorandum of Points and Authorities, the Declarations of Darren M. Cohen

(Class Counsel), Steven A. Arreola (Class Representative), and Norman Alcantara

(Settlement Administrator), along with the other documents filed herewith,

including the Settlement Agreement and Notice documents, any Exhibits to the

Declarations, the [Proposed] Final Order, the [Proposed] Judgment, the other

pleadings and records on file in this action, and the presentations of Counsel and

such oral or documentary evidence as may be presented at the hearing on this

unopposed Motion.

DATED: August 5, 2021                    KINGSLEY & KINGSLEY, APC


                                         By:  /s/ Darren M. Cohen
                                            Darren M. Cohen
                                            Attorneys for Plaintiff

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

# **TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................. 1

II.     STATEMENT OF RELEVANT BACKGROUND FACTS ................................. 2

   A.    Procedural History and Settlement Approval Proceedings ....................... 2

   B.    The Proposed Settlement Fully Resolves Plaintiff's Claims. ..................... 4

   C.    Class Notice and Class Response ................................................... 5

III.    LEGAL AUTHORITY FOR FINAL APPROVAL ...................................... 7

   A.    The Standard of Review ............................................................. 7

   B.    Relevant Ninth Circuit Considerations Favor Settlement Approval ............ 8

     1.    Strength of Plaintiff's Case .................................................. 9

     2.    The Settlement Amount is a Fair Compromise in Light of the Strength of
       Plaintiff's Claims and the Litigation Risks and Uncertainties .............. 10

     3.    Risk, Expense, Complexity, and Likely Duration of Litigation ............. 11

     4.    Risk of Maintaining a Class Action through Trial and Appeal .............. 12

     5.    Extent of Discovery Completed and Stage of the Proceedings ............... 13

     6.    Experience and Views of Counsel ........................................... 14

     7.    Presence of a Governmental Participant ..................................... 15

     8.    Reaction of the Settlement Class Members to the Settlement ................ 16

     9.    Settlement Procedure ......................................................... 16

   C.    Approval of Attorney's Fees, Costs, Representative Enhancement ........... 17

   D.    Final Certification for Settlement Purposes Is Appropriate ..................... 19

   E.    Settlement Administration Costs Should Be Approved .......................... 19

IV.     NOTICE HAS BEEN DISSEMINATED TO THE CLASS PURSUANT TO
     THE COURT-APPROVED NOTICE PROGRAM .................................. 20

V.      CONCLUSION ................................................................................. 20

PLAINTIFF'S MEMORANDUM RE: MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

# **TABLE OF AUTHORITIES**

**Federal Cases**

*Backman v. Polaroid Corp.*,

    910 F.2d 10 (1st Cir. 1990) ...................................................................12

*Boyd v. Bechtel Corp.*,

    485 F. Supp. 610 (N.D. Cal. 1979) ..............................................10, 15

*Chatelain v. Prudential-Bache Sec.*,

    805 F. Supp. 209, 213 (S.D.N.Y. 1992)......................................14

*Churchill Village, LLC v. General Electric*,

    361 F.3d 566 (9th Cir.), *cert. denied*, 543 U.S. 818 (2004)................8, 9

*Class Plaintiffs v. City of Seattle*,

    955 F.2d 1268 (9th Cir.), *cert. denied*, 506 U.S. 953 (1992)...............7, 9

*Eisen v. Carlisle & Jacquelin*,

    417 U.S. 156 (1974) ...........................................................................7

*Eisenstadt v. Centel Corp.*,

    113 F.3d 738 (7th Cir. 1997)..............................................................12

*Ellis v. Naval Air Rework Facility*,

    87 F.R.D. 15 (N.D. Cal. 1980) .......................................................8, 15

*Fecht v. Northern Telecom Ltd. (In re Northern Telecom Ltd. Sec. Litig.)*,

    116 F. Supp. 2d 446 (S.D.N.Y. 2000)................................................12

*Fisher Bros. v. Cambridge-Lee Industries, Inc.*,

    630 F. Supp. 482 (E.D. Pa. 1985) ......................................................15

*Grunin v. International House of Pancakes*,

    513 F.2d 114 (8th Cir. 1975)................................................................6

*Hanlon v. Chrysler Corp.*,

    150 F.3d 1011 (9th Cir. 1998).....................................................7, 9, 14

*Hervey v. City of Little Rock*,

    787 F.2d 1223 (8th Cir. 1986).............................................................13

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

*In re Apple Computer Sec. Litig.*,

  1991 U.S. Dist. LEXIS 15608 (N.D. Cal. Sept. 6, 1991) ......................................12

*In re King Res. Co. Sec. Litig.*,

  420 F. Supp. 610 (D. Colo. 1976). .........................................................................15

*In re Mego Fin. Corp. Sec. Litig.*,

  213 F.3d 454 (9th Cir. 2000).....................................................................................7

*In re Omnivision Tech., Inc.,*

  2008 WL 123936  (N.D. Cal. 2008).......................................................................10

*In re PaineWebber Ltd. Pships. Litig.*,

  171 F.R.D. 104 (S.D.N.Y. 1997) ...........................................................................16

*In re Patriot Am. Hospitality, Inc. Sec. Litig. (Open Market Action)*,

  2005 U.S. Dist. LEXIS 40995 (N.D. Cal. 2005)....................................................16

*In re Veritas Software Corp. Sec. Litig.*,

  2005 U.S. Dist. LEXIS 30880 (N.D. Cal. Nov. 15, 2005)......................................11

*In re Warner Communications Sec. Litig.*,

  618 F. Supp. 735 (S.D.N.Y 1985), *aff'd* (2d Cir. 1986) .................................13, 14

*Lewis v. Newman*,

  59 F.R.D. 525 (S.D.N.Y. 1973) ...............................................................................9

*Linney v. Cellular Alaska Partnership*,

  151 F.3d 1234 (9th Cir. 1998)................................................................................7, 9

*Nelson v. Bennett*,

  662 F. Supp. 1324 (E.D. Cal. 1987).........................................................................9

*Officers For Justice v. Civil Serv. Comm.*,

  688 F.2d 615 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983).........................7

*Petrovic v. Amoco Oil Co.*,

  200 F.3d 1140 (8th Cir. 1999).................................................................................13

*Phillips Petroleum Co. v. Shutts*,

  472 U.S. 797 (1985) .................................................................................................6

iii

*Robbins v. Koger Props, Inc.*,

   116 F.3d 1441 (11th Cir. 1997)...........................................................................12

*Wal-Mart Stores, Inc. v. Dukes*,

   131 S. Ct. 2541 (2011) ........................................................................................13

*West Virginia Chas. Pfizer & Co.*,

   314 F. Supp. 710 (S.D.N.Y. 1970).......................................................................10


**<u>Federal Statutes</u>**

Fed. R. Civ. P. 23(b) ..............................................................................................19, 20

Fed. R. Civ. P. 23(c) .....................................................................................................20

Fed. R. Civ. P. 23(e) .....................................................................................................7, 8


**<u>State Statutes</u>**

Bus. & Prof. Code § 17200, *et seq.* .............................................................................2

Lab. Code § 203.............................................................................................................2

Lab. Code § 226.............................................................................................................2

Lab. Code § 226.7..........................................................................................................2

Lab. Code § 512.............................................................................................................2

Lab. Code § 2698, *et seq.* .................................................................................. 1, 3, 15


**<u>Treatises</u>**

Manual for Complex Litigation (Second) § 30.44 (1985).........................................16

Newberg & Conte, *Newberg On Class Actions* (3d ed. 1992), § 11.41 ......................8

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

On May 20, 2021, the Court granted Preliminary Approval of the proposed Settlement reached by the parties in this action and approved the Parties' proposed notice procedure.  ECF No. 39.  Notice has been disseminated to the Class as directed by the Court.  By this motion, Plaintiff Steven A. Arreola ("Plaintiff") respectfully requests that the Court: (1) certify the Class for settlement purposes only; (2) find the Settlement fair, reasonable and adequate, and in the best interests of the Class Members; (3) approve Class Counsel's application for an award of attorney's fees of $103,250.00 and reasonable costs; (4) approve the Class Representative's application for $7,500.00; (5) approve the payment of the reasonable settlement administrative costs; (6) and grant Final Approval of the Settlement in this matter.

Pursuant to the terms of the Joint Stipulation of Settlement and Release Between Plaintiff and Defendant and related Amendments ("Settlement" or "Settlement Agreement"), Defendant Shamrock Foods Company ("Defendant") will pay $295,000.00 ("Gross Fund Value" or "GFV"), which shall include: a Net Settlement Fund ("NSF") of approximately $146,251.00 from which payments to Class Members shall be made, (2) requested attorney's fees of of $103,250.00 and reasonable costs to Class Counsel; (3) a $20,000.00 payment for settlement of claims for penalties under the Private Attorneys General Act, Labor Code § 2698, *et seq.,* with $15,000.00 (75%) paid to the California Labor & Workforce Development Agency, and $5,000.00 (25%) to the NSF from which payments will be distributed to PAGA Members, (4) claims administration costs of $7,000.00; and (5) a requested $7,500.00 Service Enhancement Award to Plaintiff Steven A. Arreola.

The effectiveness of the notice program, including skip trace attempts, and the adequacy of the Settlement, are reflected in the very positive reaction from the

PLAINTIFF'S MEMORANDUM RE: MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Class.  As of the filing date, no Class Member has opted out.  In addition, no Class Members has expressed their intention to object to the Settlement or disputed their individual settlement payment.  The current participation rate in this case is 100%. Declaration of Norman Alcantara Regarding Notice and Settlement Administration ("Alcantara Declaration"), ¶¶ 16-18.

For the foregoing reasons, and the other details provided below, the Settlement meets the standards for final approval and should therefore be approved.

## II. STATEMENT OF RELEVANT BACKGROUND FACTS

### A. Procedural History and Settlement Approval Proceedings

On March 12, 2019, Plaintiff sent a letter to the Labor and Workforce Development Agency ("LWDA") alleging that Defendant violated Labor Code §§ 203, 226(a), 226.7, and 512.  Declaration of Darren M. Cohen in support of Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement ("Cohen Decl."), ¶ 6.

On March 21, 2019, Plaintiff filed a proposed class action Complaint captioned *Steven A. Arreola v. Shamrock Foods Company*, Case No. 19STCV09541 in the Los Angeles County Superior Court on behalf of himself and all other similarly situated employees ("Complaint" or "Action").  The Complaint alleged causes of action for failure to provide meal periods, failure to provide rest periods, failure to provide accurate itemized wage statements, waiting time penalties pursuant to Labor Code § 203, and unfair business practices under Business & Professions Code § 17200, *et seq*.  The Complaint sought recovery of compensatory damages for meal period compensation, rest period compensation, pay stub violations, waiting time penalties, pre-judgment and post-judgment interest, issuance of an injunction, restitution and attorney's fees and costs.  *Id*. at ¶ 7.

On May 10, 2019, Defendant filed an Answer.  *Id*. at ¶ 8.  On May 13, 2019, Defendant removed the case to Federal Court.  *Id*.

On August 2, 2019, the Parties attended a mediation before Joel M. Grossman,

1    Esq.  At the mediation, the Parties were able to reach an agreement.  *Id*. at ¶ 9.

2         On August 13, 2019, Plaintiff filed a First Amended Complaint to add a sixth

3    cause of action for penalties pursuant to Labor Code § 2699, *et seq*.  *Id*. at ¶ 10.

4         On August 29, 2019, Defendant filed an Answer to Plaintiff's First Amended

5    Complaint.  *Id*. at ¶ 11.

6         Pursuant to the Plaintiff's Notice of Settlement (ECF No. 27), the Court vacated

7    all case management dates except filing of Plaintiff's Preliminary Approval Motion.

8    ECF No. 28.

9         On December 2, 2019, Plaintiff filed his Unopposed Motion for Preliminary

10   Approval (ECF No. 30) of the Parties' Joint Stipulation of Settlement and Release

11   Between Plaintiff and Defendant.  ECF No. 30-3, Ex. A.

12        On December 19, 2019, Plaintiff filed a First Amendment to the Joint

13   Stipulation of Settlement and Release Between Plaintiff and Defendant.  ECF No.

14   34-1.

15        On March 3, 2020, the Court ordered Plaintiff and the Parties to provide

16   supplemental briefing.  ECF No. 37.  On March 13, 2020, Plaintiff and the Parties

17   provided a Joint Statement in Support of Plaintiff's Unopposed Motion for

18   Preliminary Approval.  ECF No. 38.

19        On May 20, 2021, the Court issued an Order Re Unopposed Motion for

20   Preliminary Approval for Class Action Settlement granting Preliminary Approval of

21   the Settlement.  ECF No. 39.

22        On June 4, 2021, Defendant mailed notice of the class action settlement,

23   pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, to the Office of the

24   United States Attorney General, California Office of the Attorney General, and New

25   Mexico Office of the Attorney General.  Cohen Decl., ¶ 17, Exhibit C.

26        On June 15, 2021, the Parties filed a Second Amendment to the Joint

27   Stipulation of Settlement and Release Between Plaintiff and Defendant.  ECF No.

28   40.

On Jun 8, 2021, Simpluris, Inc. ("Simpluris" or "Claims Administrator") received the class data file from Defendant's Counsel.  Alcantara Decl., ¶ 6.

On June 24, 2021, the Claims Administrator mailed the Class Notice, via U.S. First Class Mail, to 111 Class Members.  *Id*. at ¶ 8.

On August 9, 2021, the deadline to object or opt out of the Settlement will pass.  *Id*. at ¶ 15.

**B.    The Proposed Settlement Fully Resolves Plaintiff's Claims.**

The proposed Settlement resolves all class and representative action claims against Defendant.  The Settlement provides a significant recovery for Plaintiff and the Settlement Class Members.  Specifically, the GFV of $295,00.000 is a guaranteed fund, with no reversion of funds to the Defendant and it also provides for payments to all Settlement Class Members without their need to submit a claim form.  The Settlement of this matter was achieved after significant investigation was done by both Parties, including discovery, informal discovery, production and analysis of time and payroll data, an extensive mediation information exchange process under the supervision of the mediator, a full-day mediation session, and disclosure of Defendant's policies and procedures necessary for Plaintiff to fully evaluate this case.  Cohen Decl., ¶ 31-61.  Further details about the Settlement terms are addressed and summarized by Class Counsel during Preliminary Approval.  *See* ECF No. 30 to 40.  The Preliminary Approval Motion also provide further details as to how the parties added and allocated Settlement and the bases for doing so.  *Id*.

The portion of the GFV remaining after subtracting the Claims Administration Expenses, Court-approved attorney's fees and litigation costs, Court-approved Service Enhancement, and the portion of PAGA penalties payable to the LWDA, shall be designated the NSF eligible for distribution to Settlement Class Members on a pro rata basis.  This amount is estimated to be around $146,251.00 (i.e., the GFV of $295,000.00 minus the proposed Service Enhancement Award ($7,500.00), the proposed Class Counsel Award (up to $103,250.00), reasonable

costs (up to $12,000.00), the anticipated Settlement Administration Costs

($5,999.00)[1], the PAGA Payment to the LWDA ($15,000.00), and the PAGA

Payment to the Aggrieved Employees ($5,000.00)[2].)  Alcantara Decl., ¶ 12.  Based

on these calculations, the 111 Settlement Class Members will receive an estimated

average gross payment of approximately $1,317.58, with the estimated highest gross

payment being $10,299.55.  *Id*. at ¶ 13.

### C.    Class Notice and Class Response

As authorized by the Court's order preliminarily approving the Settlement,

the Parties engaged Simpluris to provide settlement administration services.  *Id*. at

¶ 3; ECF No. 39.  Simpluris' duties have included: (a) establishing and maintaining

a related settlement fund account; (b) establishing and maintaining a calendar of

administrative deadlines and responsibilities; (c) processing and mailing payments

to the Plaintiffs, Class Counsel and Class Members; (d) printing and mailing the

Notice of Pendency of Class Action Settlement and the Notice of Settlement

Payment to Class Members; (e) receiving and validating Requests for Exclusion,

Objections or Disputes of Work Weeks submitted by Class Members; (f) calculating

Employer Payroll Taxes and providing appropriate forms and calculations to

Defendant; (g) mailing settlement checks, and (h) other tasks as the Parties mutually

agree or the Court orders Simpluris to perform.  Alcantara Decl., ¶ 3.  The Class

Notice summarized the settlement terms, provided Class Members with an estimate

of how much they would be paid if the Settlement received Final Approval, and

advised Class Members how to submit a Request for Exclusion or Object to the

Settlement.

On June 8, 2021, Defendant's Counsel provided Simpluris with a mailing list,

including each Class Member's full name, last known address, last known telephone

---

[1] The Settlement Agreement provides for administration costs up to $7,000.00, which was preliminary approved by the Court.  However, the actual administration costs incurred by Simpluris were $5,999.00.  Alcantara Decl., ¶ 19.  As such, the $1,001.00 difference will be added to the NSF.  Settlement Agreement, ¶ 19(f).

[2] Based on the calculations, the 137 PAGA Members will receive an estimated average gross payment of approximately $36.23, with the estimated highest gross payment being $45.40.  Alcantara Decl., ¶ 14.

number, Social Security Number and employment dates held in a position covered by the Settlement.  *Id*. at ¶ 6.

    As part of the preparation for mailing, all the 111 Class Member names and addresses contained in the Class List were then processed against the National Change of Address ("NCOA") database, maintained by the United States Postal Service ("USPS"), for purposes of updating and confirming the mailing addresses of the Settlement Class Members before mailing of the Class Notice.  *Id*. at ¶ 7.  The NCOA contains requested change of addresses filed with the USPS.  To the extent that an updated address was found in the NCOA database, the updated address was used for the mailing of the Class Notice.  *Id*.  To the extent that no updated address was found in the NCOA database, the original address provided by Defendant's Counsel was used for the mailing of the Class Notice.  *Id*.

    Only two (2) Class Notices have been ultimately deemed undeliverable as no better addresses were found for these Class Members after conducting a skip trace search.  *Id*. at ¶¶ 9-10.

    As of August 3, 2021, the Claims Administrator reports no requests for exclusion from the Settlement.  *Id*. at ¶ 10.  The deadline to request exclusion from the Settlement is August 9, 2021.  *Id*. at ¶ 15.

    Simpluris reports a total of 111 Class Members will participate in the Settlement, representing a 100% participation rate.  *Id*. at ¶¶ 16-18.

    Simpluris will charge $5,999.00 for fees associated with the administration of the settlement.  This includes all costs incurred to date, as well as the estimated costs involved in completing the settlement.  *Id*. at ¶ 19.

    Plaintiff submits the notice and claims process has been successful and complied with constitutional due process.  *See, Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812-13 (1985) (holding that "a fully descriptive notice [that] is sent [by] first-class mail to each class member, with an explanation of the right to 'opt out,' satisfies due process"); *Grunin v. International House of Pancakes*, 513 F.2d 114,

121 (8th Cir. 1975) (holding that "individualized notice by mail to the last known address [is] the 'best notice practicable' in a class action contest"), *cert. denied*, 423 U.S. 864, 96 S. Ct. 124, 46 L. Ed. 2d 93 (1975), *citing Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-77 (1974).

## III.    LEGAL AUTHORITY FOR FINAL APPROVAL

### A.    The Standard of Review

Under Rule 23(e) of the Federal Rules of Civil Procedure, "A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class..."  In deciding whether to approve a proposed settlement, the Ninth Circuit has a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned."  *See Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1238 (9th Cir. 1998); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992), *cert. denied*, 506 U.S. 953 (1992).  Therefore, in making its assessment pursuant to Rule 23(e), the Court's evaluation of what is otherwise "a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable, and adequate to all concerned."  *Officers For Justice v. Civil Serv. Comm.*, 688 F.2d 615, 625 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983); *see also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998).

A settlement hearing is "not to be turned into a trial or rehearsal for trial on the merits," nor should the proposed settlement "be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators."  *Officers for Justice*, 688 F.2d at 625.  To the contrary, the involvement of experienced class action counsel and the fact that the settlement agreement was reached in arms'

length negotiations, after relevant discovery had taken place, create a presumption that the agreement is fair. *See, Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980), *aff'd*, 661 F.2d 939 (9th Cir. 1981).

As explained above, the settlement was reached through informed negotiation by experienced counsel on both sides, and after extensive investigation, formal discovery, informal discovery, amendment of the complaint, mediation with an experienced and respected wage and hour mediator, and conferences regarding exact terms and conditions of the settlement and notice. The mediator's efforts in the mediations also ensured the interests of the Class Members were adequately protected. Under these circumstances, the settlement should be afforded a presumption of fairness.

### B.    Relevant Ninth Circuit Considerations Favor Settlement Approval

A court can approve a class action settlement that binds class members "only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). A presumption of fairness exists where: (1) the settlement is reached through arms-length bargaining; (2) investigation and discovery are sufficient to allow counsel and the Court to act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of objections is small. Newberg & Conte, *Newberg On Class Actions* (3d ed. 1992), § 11.41, pp. 11-91.

The Ninth Circuit has explained that courts should consider "some or all" of the following factors in determining whether a proposed settlement is fair, reasonable, and adequate: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Churchill Village, LLC v. General Electric*, 361 F.3d 566, 575-576 (9th Cir. 2004),

*cert. denied*, 543 U.S. 818 (2004), citing *Hanlon*, 150 F.3d at 1026; *see also Linney*, 151 F.3d at 1242.  One factor alone may prove determinative.  *Id*.  Ultimately, "[s]trong judicial policy favors settlements." *Churchill Village, LLC v. General Electric,* 361 F.3d 566, 576 (9th Cir. 2004) (omission and quotation marks omitted*)* (quoting *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)).

The relevant *Churchill* factors weigh in favor of final approval.  Here, the risk, expense, complexity, and likely duration of further litigation, as well as the risk of maintaining class action status throughout the trial, were high.  Cohen Decl., ¶¶ 54-61.  Defendant would have contested class certification by arguing that individualized issues predominate and by contesting typicality.  *Id*.; *see* also Declaration of Darren M. Cohen in Support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement ("Cohen Preliminary Approval Decl."), ECF No. 30-2, ¶ 73.  This is a complex class action case and establishing liability and proving the amount of damages sustained would be risky, especially in view of Plaintiff's investigation.

### 1.    Strength of Plaintiff's Case

In evaluating a settlement in this type of complex litigation, courts have long recognized that such litigation "is notably difficult and notoriously uncertain." *Lewis v. Newman*, 59 F.R.D. 525, 528 (S.D.N.Y. 1973) (footnote omitted.).  Thus, compromise is particularly appropriate. *Nelson v. Bennett*, 662 F. Supp. 1324, 1334 (E.D. Cal. 1987).  The strengths and risks associated with Plaintiff's claims are addressed by Class Counsel in their Motion for Preliminary Approval.  Cohen Decl., ¶¶ 43-61; *see also* ECF No. 30 and 38.  Plaintiff's arguments as to how to value the claims and Defendant's arguments against specific claims have also previously been summarized by Class Counsel in connection with addressing the value assigned to each claim.  *Id*.

To succeed at trial, Plaintiff would have to prevail on each and every element of his claims.  While Plaintiff believes he has arguments and evidence to counter each one of Defendant's positions, there is no guarantee that the Court or jury would

agree.  *See West Virginia Chas. Pfizer & Co.*, 314 F. Supp. 710, 743-44 (S.D.N.Y. 1970) ("it is known from past experience that no matter how confident one may be of the outcome of litigation, such confidence is often misplaced."), *aff'd*, 440 F.2d 1079 (2d Cir.), cert. denied, 404 U.S. 871 (1971).  Cohen Decl., ¶¶ 43-61; *see also* ECF No. 30 and 38.

### 2. The Settlement Amount is a Fair Compromise in Light of the Strength of Plaintiff's Claims and the Litigation Risks and Uncertainties

As discussed above and in Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 30 and 38), the Settlement gives substantial monetary benefit to all Settlement Class Members.  With an average individual settlement payment of approximately $1,317.58, this represents a substantial and real recovery that is well-within the range of reasonableness for the benefit of the class members.

Plaintiff submits the Settlement value of $295,000.00 for 111 Class Members and 137 PAGA Members is fair and reasonable in light of the risk of no recovery following protracted litigation, Defendant's policies and record of compliance, and for all the reasons addressed in this Motion and the Motion for Preliminary Approval. Cohen Decl., ¶¶ 43-61; *see also* ECF No. 30 and 38.  Based on the numerous risks and unresolved questions of law associated with continuing to litigate this case, it is in the best interests of the Settlement Class to receive a certain and substantial award. Courts in the Ninth Circuit have observed: "simply because a settlement may amount to only a fraction of the potential recovery does not in itself render it unfair or inadequate.  Compromise is the very nature of settlement." *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 624 (N.D. Cal. 1979); *see also Nat'l Rural Telecomm. Coop. v. DirecTV, Inc.,* 221 F.R.D. 523, 527 (C.D. Cal. 2004) (it is "well settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery"); *see e.g.*, *In re Omnivision Tech., Inc.,* 2008 WL 123936

(N.D. Cal. 2008) ($13.75 million settlement approved despite over $151.8 million estimate of damages through trial).  The settlement here is significantly more than a "fraction" and in fact provides a reasonable recovery when considering the associated risk factors involved.  The Settlement amount is fair and reasonable in light of the uncertainties associated with continued litigation.  Cohen Decl., ¶ 59.

### 3. Risk, Expense, Complexity, and Likely Duration of Litigation

Defendant vigorously disputed that the claims in this action have merit and would have continued to assert legal and factual grounds to defend against this action.  Defendant further does not concede that certification is appropriate or a class trial would be manageable.  If there was no settlement and Plaintiff proceeded through Class certification, expert discovery and trial preparation would be expensive and complex.  While certainly attainable from Plaintiff's perspective, victory in such a complex trial is hardly assured.  *See In re Veritas Software Corp. Sec. Litig.* 2005 U.S. Dist. LEXIS 30880 at *14-15 (N.D. Cal. Nov. 15, 2005) (challenges in proving damages and other litigation risks supported approval of settlement).

While Defendant has agreed to settle the action, if this case were to proceed, Defendant would continue to assert defenses against liability and as to class certification.  Therefore, while Plaintiff believes the claims are meritorious and the Class would be able to establish liability, Plaintiff recognizes the uncertainties of trial and the risks inherent in establishing liability in a complex case of this nature.

By approving the Settlement, the Court can guarantee recovery for each of the 111 Settlement Class Members without having the Class face the risk of trial and a possible appeal.  Expenses incurred for a trial would severely deplete any eventual recovery.  Cohen Decl., ¶¶ 54-61.  Further, post-trial motions and appeals could force class members to wait many more years for any recovery, further reducing its value. *Id*.  Consequently, resolution of this case before trial will substantially and meaningfully benefit the Settlement Class, while reasonably accounting for the risks associated with a protracted litigation.  *Id*.

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Consistent with the foregoing, it would be grossly inefficient for the Class of current and former employees to bring individual actions to recover from Defendant for its alleged labor law violations. Moreover, the potential recovery to each individual class member is likely not high enough to provide them with the incentive to sue individually. For example, the highest estimated award here is approximately $10,299.55 (with an average gross payment of $1,317.58) (Alcantara Decl., ¶ 13), which would have been insufficient to cover the expenses of bringing an individual action or to generate sufficient funds for reasonable fees. By granting Final Approval of the Settlement, the Court can eliminate all risks and provide participating Settlement Class members with a certain recovery.

### 4.    Risk of Maintaining a Class Action through Trial and Appeal

Maintaining a class action is an expensive and risky enterprise. In addition to the thousands of hours of time and money spent, with no hope of remuneration until and unless there is either a settlement or a judgment, there is also the ever-present possibility that any victory attained by a plaintiff can be overturned. *See, e.g., Fecht v. Northern Telecom Ltd. (In re Northern Telecom Ltd. Sec. Litig.)*, 116 F. Supp. 2d 446 (S.D.N.Y. 2000) (summary judgment granted after seven years of litigation); *Robbins v. Koger Props, Inc.*, 116 F.3d 1441 (11th Cir. 1997) (jury verdict of $81 million for plaintiffs against an accounting firm reversed on appeal on loss causation ground and judgment entered for defendant); *Eisenstadt v. Centel Corp.*, 113 F.3d 738 (7th Cir. 1997) (affirming the lower court's granting of summary judgment in favor of defendants); *In re Apple Computer Sec. Litig.*, 1991 U.S. Dist. LEXIS 15608 (N.D. Cal. Sept. 6, 1991) (class won jury verdict against two individual defendants, but district court vacated judgment on motion for judgment notwithstanding the verdict); *Backman v. Polaroid Corp.*, 910 F.2d 10 (1st Cir. 1990) (where the class won a substantial jury verdict and a motion for judgment notwithstanding the verdict was denied; however, on appeal, the judgment was reversed and the case dismissed –

1    after 11 years of litigation).

2        Although the Class has been certified at this time for purposes of settlement

3    only, there is no assurance that it would continue to remain certified.  "A district

4    court has a duty to assure that a class once certified continues to be certifiable

5    under Fed. R. Civ. P. 23(a)."  *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1145 (8th

6    Cir. 1999), citing *Hervey v. City of Little Rock*, 787 F.2d 1223, 1227 (8th Cir.

7    1986).  Should this Court not finally approve the Settlement, Plaintiff would need

8    to prevail upon his motion for class certification, which Defendant would

9    vigorously oppose.  Additionally, the Supreme Court's decision in *Wal-Mart*

10   *Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) substantially undermines Plaintiff's

11   ability to certify a class action.  Plaintiff must affirmatively demonstrate both that

12   common questions of law and fact exist and that the methodology utilized for

13   showing harm on a class-wide basis actually works, and Class Counsel addresses

14   the risks it faced.  Cohen Decl., ¶¶ 31-61; *see also* ECF No. 30 and 38.  Defendant

15   also believes *Dukes* forecloses "trials by formula," finding that this methodology

16   violates its due process rights because it does not allow defendants to challenge and

17   rebut any claims inevitably resulting in payment to persons not damaged, and it

18   poses issues.  Federal courts have cited *Dukes* to deny class certification and to

19   decertify cases.

20       Settlement at this time will avoid this uncertainty, and additional substantial

21   costs, such as those that have already been incurred by both Parties and will avoid

22   the delay and risks that would be presented by the further prosecution of this

23   litigation.  The instant settlement eliminates these risks.

24       **5.    Extent of Discovery Completed and Stage of the Proceedings**

25       With the extent of evidentiary review completed, the stage of the proceedings

26   bear on whether the settlement should be approved.  Courts look to whether

27   investigation of the facts and evidence is sufficient to allow counsel and the court to

28   act intelligently. *In re Warner Communications Sec. Litig.*, 618 F. Supp. 735, 741

(S.D.N.Y 1985), *aff'd* (2d Cir. 1986).

Discovery and investigation allowed both parties to assess their relative positions and come to the conclusion, based on the analysis of the information, that settlement at this stage of the litigation was proper and that the settlement terms and amount were fair, adequate and reasonable.  Cohen Decl., ¶¶ 31-61; *see also* ECF No. 30 and 38.  Counsel also completed formal discovery, informal discovery, and were in possession of the documents and data necessary for estimating liability exposure at the mediation.  *Id.*

By the time the settlement was reached, the action had proceeded to the point where both Plaintiff and Defendant had "a clear view of the strengths and weaknesses of their cases."  *In re Warner Communications Sec. Litig.*, 618 F. Supp. at 745.  At the time the Parties mediated the action, Plaintiff had been litigating the action for many months and had conducted extensive informal investigation and retained an expert to review data and employment practices.  Accordingly, the stage of the proceedings, and the amount of the discovery completed, strongly favor approval of the Settlement.  *See Chatelain v. Prudential-Bache Sec.*, 805 F. Supp. 209, 213-14 (S.D.N.Y. 1992).

### 6.    Experience and Views of Counsel

Courts routinely presume a settlement is fair where it is reached through arm's-length bargaining.  *See Hanlon*, 150 F.3d at 1027 (affirming trial court's approval of class action settlement where parties reached agreement after several months of negotiation and the record contained no evidence of collusion); *see also Satchell v. Fed. Express Corp.*, No. C 03-2659 SI, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive."); *Carter v. Anderson Merchandisers, LP*, No. EDCV 07-0025-VAP, 2010 WL 1946784, at *7 (C.D. Cal. May 11, 2010) (citing *Satchell*).  Furthermore, where counsel are well-qualified to represent the proposed class in a settlement based on their extensive class action

experience and familiarity with the strengths and weakness of the action, courts find this factor to support a finding of fairness. *Carter*, 2010 WL 1946784, at *8 ("Counsel's opinion is accorded considerable weight.").

Here, the Settlement is the product of arms-length negotiations conducted by capable counsel who are experienced in class action litigation and have invested many hours, and the assistance of an experienced wage and hour class action mediator. Cohen Decl., ¶¶ 63-70. Defendant is represented by very skilled and capable counsel from a law firm of top tier attorneys. *Id*. at ¶ 72.

Having conducted extensive informal investigation and discovery in this case and having assessed the risks of continued litigation, it is the view of Class Counsel that the settlement appropriately reflects the relative strengths of the Parties' respective claims and defenses, as well as the substantial risk presented in continuing the litigation, while recognizing the uncertainty, risk, expense, and delay attendant to continuing the action through trial and any appeals. *Id*. at ¶¶ 31-61. Such recommendations should lend a presumption of reasonableness to the Settlement. *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979); *Fisher Bros. v. Cambridge-Lee Industries, Inc.*, 630 F. Supp. 482, 488 (E.D. Pa. 1985); *Ellis*, 87 F.R.D. at 18 (the view of the attorneys actively conducting the litigation, while not conclusive, "is entitled to considerable weight"). Moreover, "[c]ourts have consistently refused to substitute their business judgment for that of counsel, absent evidence of fraud or overreaching." *In re King Res. Co. Sec. Litig.*, 420 F. Supp. 610, 625 (D. Colo. 1976).

### 7.    Presence of a Governmental Participant

Pursuant to California Labor Code §§ 2698 - 2699.5, Plaintiff's counsel has notified the Labor Workforce Development Agency ("LWDA") of the Settlement and Amended Settlement and the PAGA claim and payment, and the final approval hearing. Cohen Decl., ¶ 3. Thus, governmental agencies such as the LWDA will have the opportunity to weigh in on the proposed Settlement should they believe it

unfair in any respect.  This process has helped to ensure that the interests of the Settlement Class are protected and confirms the reasonableness of the Settlement.

### 8.    Reaction of the Settlement Class Members to the Settlement

"A favorable reception by the Class constitutes 'strong evidence' of the fairness of a proposed settlement and supports judicial approval."  *In re PaineWebber Ltd. Pships. Litig.*, 171 F.R.D. 104, 126 (S.D.N.Y. 1997), *aff'd*, 117 F.3d 721 (2d Cir. 1997).  Here, all 111 Class Members have all become Participating Class Members. Alcantara Decl., ¶¶ 16-18.  This demonstrates a "favorable reception" by class members to the settlement.  Accordingly, this factor of the test is satisfied and supports final approval of the Settlement.

The Settlement has been well-received by the Class Members.  August 9, 2021 is the deadline to request exclusion from the Settlement or raise any objections.  To date, no Class Members have objected to the settlement and there are no requests for exclusion.  *Id*. at ¶¶ 15-18.

Thus, given the present number of 111Participating Class Members, the Class Members have responded with a 100% participation rate.

### 9.    Settlement Procedure

Another factor that may be considered by the Court is "the procedure by which the settlement was arrived at."  *See In re Patriot Am. Hospitality, Inc. Sec. Litig. (Open Market Action)*, 2005 U.S. Dist. LEXIS 40995, *5 (N.D. Cal. 2005) ("To these factors, the court adds (9) the procedure by which the settlements were arrived at, see Manual for Complex Litigation (Second) § 30.44 (1985) . . . .").  As noted above and described in the Motion for Preliminary Approval (ECF No. 30 and 38), the Settlement was achieved only after protracted and complex arms-length negotiations by experienced counsel, and with the assistance of an experienced mediator.  There is no doubt that the settlement process was adversarial and, therefore, favors approval of the final settlement.  *See Id*. at *8 (finding that "vigorously adversarial" procedure for arriving at settlement "militates

1    in favor of the settlement").

2    **C.    Approval of Attorney's Fees, Costs, Representative Enhancement**

3    Plaintiff and Class Counsel have negotiated a GFV of $295,000.00 for 111

4    Class Members and 137 PAGA Members in connection with this non-reversionary

5    Settlement.  Cohen Decl., ¶ 22.  Administration of the Settlement is progressing to

6    the deadline to object or opt-out of the Settlement on August 9, 2021, and the final

7    approval hearing is approaching on August 30, 2021.  Plaintiff therefore requests,

8    without opposition from Defendant, that Plaintiff's Counsel be awarded at final

9    approval, from the preliminarily approved GFV of $295,000.00, our attorney's fees

10   (not to exceed 35% of the GFV, i.e. $103,250.00) and reasonable costs, as awarded

11   by the Court (with present costs at approximately $7,499.43).  *Id*. at ¶¶ 74-85.

12   Class Counsel has provided support for its request that the Court award

13   attorney's fees based on Counsel's submissions in connection with this Motion and

14   efforts advancing this litigation to and through Settlement.  *Id*.; *see also* Declaration

15   of Darren M. Cohen in Support of Plaintiff's Unopposed Motion for Award of

16   Attorney's Fees and Costs and Class Representative Enhancement at Final Approval

17   of Class Action Settlement ("Cohen Fees and Costs Decl.").  Darren M. Cohen and

18   Eric B. Kingsley, who have worked on this case, have the background, resources,

19   and experience to zealously represent Plaintiff and the Settlement Class Members,

20   and have done so.  *Id*.  Class Counsel has also addressed the reasonableness of its

21   hourly rates.  *Id*.

22   Class Counsel has provided the Court with a summary of the hours invested

23   in this case and the Time and Task Detail listings for the attorneys working on it

24   addressing their hours and attorney's fees for the lodestar cross-check.  Cohen Fees

25   and Costs Decl., Exhibit C.

26   As reported in connection with the filing of the Fees and Costs Motion, Class

27   Counsel incurred approximately 184.0 attorney hours (including anticipated future

28   time) through the August 6, 2021 filing, amounting to $121,330.50 in attorney's

17

fees.  Cohen Decl., ¶ 81; *see also* Cohen Fees and Costs Decl., ¶¶ 56-58.  This number is above the requested amount of $103,250.00, in reasonable attorney's fees, and will increase when considering all the further hours counsel will incur in taking this action through final approval hearing and funding and disbursement.  Cohen Decl., ¶ 82.  Therefore, no lodestar multiplier will be required to award Class Counsel reasonable attorney's fees of $103,250.00, which Class Counsel and Plaintiff have created for the Class Members. *Id*. at ¶ 81-82.  Class Counsel respectfully requests that the Court award attorney's fees in the amount of $103,250.00.

Class Counsel's declaration in support of the Fees and Costs Motion also reported that it had incurred $7,499.43 in litigation costs through August 6, 2021.  Cohen Fees and Costs Decl., ¶ 66, Exhibit D.  The Settlement as preliminarily approved allows for reasonable costs.  Any portion of the requested Class Counsel Award ($103,250.00 in fees and reasonable costs up to $12,000.00) or the Class Representative Enhancement and Service Award to Plaintiff ($7,500.00) that is not awarded to Class Counsel or Plaintiff will be added back into the NSF and will be distributed to Settlement Class Members as provided in the Settlement Agreement.  Cohen Decl., ¶ 25.  Class Counsel also requests that the Court award it costs reimbursements for reasonable litigation costs and expenses incurred in this action in the amount of $7,499.43. *Id*. at ¶ 83.

Finally, Class Counsel and Plaintiff request that the Court award Plaintiff the requested Class Representative Enhancement and Service Award of $7,500.00.  Class Counsel has addressed the contributions Plaintiff has made to this litigation and his efforts on behalf of the Class Members. *Id*. at ¶ 73; Cohen Fees and Costs Decl., ¶¶ 35-41; *see also* Declaration of Steven A. Arreola in support of Fees and Costs Motion.  Plaintiff also provided a Declaration in support of the Fees and Costs Motion and award of the requested $7,500.00 Class Representative Enhancement and Service Award, which details his invaluable contributions to this litigation and

1    his unwavering efforts to secure this Settlement on behalf of the Class members.

2    *See* Declaration of Steven A. Arreola in support of Fees and Costs Motion.  Plaintiff

3    and Class Counsel request that he be awarded the requested Class Representative

4    Enhancement and Service Award of $7,500.00.

5    **D.    Final Certification for Settlement Purposes Is Appropriate**

6    For the reasons set forth in greater detail in connection with Plaintiff's

7    previously filed Motion for Preliminary Approval, Supplemental Briefing, and Fees

8    and Costs Motion, Plaintiff respectfully submits that the proposed putative Class

9    satisfies the requirements of Fed. Civ. P. 23(b)(3) for purposes of settlement.  The

10   Court has preliminarily certified the putative class in its Preliminary Approval

11   Order.  ECF No. 39.  The "Class Period" means the period from March 21, 2015

12   through April 30, 2019.  The "Settlement Class Members" are defined as: All

13   persons who are employed or have been employed as an hourly non-exempt

14   employee by Shamrock Foods Company, excluding commercial drivers and

15   employees who signed arbitration agreements, in the State of California from

16   March 21, 2015 to April 30, 2019.  Defendant's records establish that there are 111

17   Settlement Class Members.  Alcantara Decl., ¶ 6.

18   **E.    Settlement Administration Costs Should Be Approved**

19   The Court approved Settlement Administrator, Simpluris, is and has been

20   responsible for mailing Class Notice to the Class Members, processing Class Notice,

21   responding to Class Member inquiries, calculating the settlement payments,

22   transmitting individual settlement payments to participating Class Members,

23   providing status reports of the claims administration to all Counsel on a regular

24   basis, calculating and withholding the Class Members' share of taxes, paying those

25   withholdings to the appropriate government agencies, distributing the settlement

26   checks, and performing such other duties as the parties may direct.  *Id*. at ¶ 3.

27   Although the preliminarily approved costs allocated to Simpluris were $7,000.00,

28   the actual costs are $5,999.00, and this is the amount Simpluris is requesting it be

awarded at final approval.  *Id*. at ¶ 19.  Plaintiff therefore requests final approval of the Settlement Administration costs to Simpluris in the amount of $5,999.00.

## IV.    NOTICE HAS BEEN DISSEMINATED TO THE CLASS PURSUANT TO THE COURT-APPROVED NOTICE PROGRAM

Rule 23(c)(2)(B) provides that, in any case certified under Rule 23(b)(3), the court must direct to class members the "best notice practicable" under the circumstances.  Rule 23(c)(2)(B) does not require "actual notice" or that a notice be "actually received."  *Silber v. Mabo*, 18 F.3d 1449, 1454 (9th Cir. 1994).  Notice need only be given in a manner "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950).

Here, the Parties jointly drafted the Notice of Class Action Settlement, which the Court has approved.  ECF No. 39.  Before mailing the Class Notice, the Claims Administrator verified the addresses produced by Defendant for each Class Member using the National Change of Address Database.  Alcantara Decl., ¶ 7.  The Claims Administrator performed a skip trace to ascertain the current addresses of the class members and re-mail notices to Claims Administrator, eight (8) Notices were re-mailed by Simpluris, leaving two (2) notices that were undeliverable.  *Id*. at ¶¶ 7-10.

## V.    CONCLUSION

For the reasons set forth herein, and in the Motion for Preliminary Approval and Motion for Attorney's Fees and Costs and Class Representative Enhancement, Plaintiff respectfully requests that this Court grant final approval to the proposed Settlement and enter the proposed Judgment and Order.  Plaintiff requests that the Order granting Final Approval not be issued before *September 6, 2021*, to ensure that the Order is issued at least 90 days after notice to the appropriate federal and state officials of the proposed Settlement, as required by the Class Action Fairness Act, 28 U.S.C. § 1715(d).

1    DATED: August 5, 2021                    KINGSLEY & KINGSLEY, APC

2                                             By:  /s/ Darren M. Cohen

3                                                  Darren M. Cohen

4                                                  Attorneys for Plaintiff

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT