KINGSLEY & KINGSLEY, APC
DARREN M. COHEN, ESQ.   SBN-221938
dcohen@kingsleykingsley.com
16133 VENTURA BLVD., SUITE 1200
ENCINO, CA 91436
(818) 990-8300; FAX (818) 990-2903

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN A. ARREOLA, an individual, on behalf of himself and others similarly situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>SHAMROCK FOODS COMPANY; and DOES 1 to 50, inclusive,<br><br>                    Defendants. | Case No.: 2:19-cv-04123-JAK-MAA<br><br>*[Assigned for all purposes to the Hon. John A. Kronstadt]*<br><br><u>CLASS ACTION</u><br><br>**DECLARATION OF DARREN M. COHEN IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS AND CLASS REPRESENTATIVE ENHANCEMENT AT FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>*[Filed concurrently with Notice of Motion and Motion; Memorandum in Support; Supporting Declarations of Norman Alcantara, and Steven A. Arreola; and [Proposed] Order*<br><br>Date:      August 30, 2021<br>Time:      8:30 a.m.<br>Dept.:      Courtroom10B<br><br>Complaint Filed: March 21, 2019<br>Amended Complaint: August 31, 2019 |

DECLARATION OF DARREN M. COHEN RE: MOTION FOR FEES, COSTS, ENHANCEMENT AWARD

## DECLARATION OF DARREN M. COHEN

I, Darren M. Cohen, declare as follows:

1.  I am an attorney licensed and admitted to practice before all courts of the State of California, the United States District Court for the Central, Southern, Eastern, and Northern Districts of California, and the Ninth Circuit Court of Appeals.  I am an attorney of Kingsley & Kingsley, APC, counsel for Plaintiff Steven A. Arreola ("Plaintiff") on behalf of himself and all other similarly situated employees of Defendant Shamrock Foods Company ("Defendant") (together, the "Parties").  My firm and I are referred to herein as Class Counsel.  I have personal knowledge of the facts herein and if called as a witness, I could and would competently testify.  All of the matters set forth herein are within my personal knowledge, except those matters that are stated to be upon information and belief. As to such matters, I believe them to be true.

2.  I have represented Plaintiff and the Class Members since the inception of this matter.  I submit this Declaration in support of the Motion for Award of Attorney's Fees and Costs to Plaintiff's Counsel and awarding the Class Representative Enhancement and Service Award to Plaintiff, as addressed in detail in the Parties' Joint Stipulation of Settlement and Release Between Plaintiff and Defendant and related Amendments ("Settlement Agreement" or "Settlement"). ECF No. 30-3, 34-1, and 40.

3.  This Declaration focuses on our firm's qualifications and background, the attorneys who worked on this action, our hourly rates and lodestar hours we have dedicated to it thus far, the litigation costs our firm has incurred, and the Representative Enhancement Service Award we are requesting for Plaintiff.

### The Parties and Procedural History

4.  Plaintiff was employed by Defendant as non-exempt, hourly employee employed in the General Warehouse position in Defendant's facility in Eastvale, California.  On March 12, 2019, Plaintiff sent a letter to the Labor and Workforce

Development Agency ("LWDA") alleging that Defendant violated Labor Code §§ 203, 226(a), 226.7, and 512.

5.      On March 21, 2019, Plaintiff filed a proposed class action Complaint captioned *Steven A. Arreola v. Shamrock Foods Company*, Case No. 19STCV09541 in the Los Angeles County Superior Court on behalf of himself and all other similarly situated employees ("Complaint" or "Action").  The Complaint alleged causes of action for failure to provide meal periods, failure to provide rest periods, failure to provide accurate itemized wage statements, waiting time penalties pursuant to Labor Code § 203, and unfair business practices under Business & Professions Code § 17200, *et seq*.  The Complaint sought recovery of compensatory damages for meal period compensation, rest period compensation, pay stub violations, waiting time penalties, pre-judgment and post-judgment interest, issuance of an injunction, restitution and attorney's fees and costs.

6.      On May 10, 2019, Defendant filed an Answer.  On May 13, 2019, Defendant removed the case to Federal Court.

7.      On August 2, 2019, the Parties attended a mediation before Joel M. Grossman, Esq.  At the mediation, after a full day of negotiation based on the documents and information exchanged, the Parties agreed in principle to the terms governing the settlement of this action and all of Plaintiff's class and representative claims in it.  The Parties then began working on completing their long form Settlement Agreement.

8.      On August 13, 2019, Plaintiff filed a First Amended Complaint to add a sixth cause of action for penalties pursuant to Labor Code § 2699, *et seq*.

9.      On August 29, 2019, Defendant filed an Answer to Plaintiff's First Amended Complaint.

10.     Pursuant to the Plaintiff's Notice of Settlement (ECF No. 27), the Court vacated all case management dates except filing of Plaintiff's Preliminary Approval Motion.  ECF No. 28.

11.     On December 2, 2019, Plaintiff filed his Unopposed Motion for Preliminary Approval (ECF No. 30) of the Parties' Joint Stipulation of Settlement and Release Between Plaintiff and Defendant.  ECF No. 30-3, Ex. A.

12.     On December 19, 2019, Plaintiff filed a First Amendment to the Joint Stipulation of Settlement and Release Between Plaintiff and Defendant.  ECF No. 34-1.

13.     On March 3, 2020, the Court ordered Plaintiff and the Parties to provide supplemental briefing.  ECF No. 37.  On March 13, 2020, Plaintiff and the Parties provided a Joint Statement in Support of Plaintiff's Unopposed Motion for Preliminary Approval.  ECF No. 38.

14.     On May 20, 2021, the Court issued an Order Re Unopposed Motion for Preliminary Approval for Class Action Settlement granting Preliminary Approval of the Settlement.  ECF No. 39.

15.     On June 15, 2021, the Parties filed a Second Amendment to the joint Stipulation of Settlement and Release Between Plaintiff and Defendant.  ECF No. 40.

16.     On June 8, 2021, Simpluris, Inc. ("Claims Administrator") received the class data file from Defendant's Counsel.  Declaration of Norman Alcantara Regarding Notice and Settlement Administration ("Alcantara Decl."), ¶ 6.

17.     On June 24, 2021, the Claims Administrator mailed the Class Notice, via U.S. First Class Mail, to 111 Class Members.  *Id*. at ¶ 8.

18.     On August 9, 2021, the deadline to object or opt out of the Settlement will pass.  *Id*. ¶ 15.

## **SETTLEMENT**

19.     The Settlement provides a maximum recovery of $295,000.00 (the "Gross Fund Value" or "GFV").  If the Court approves the Settlement, the following estimates the breakdown of payments from the GFV:

///

DECLARATION OF DARREN M. COHEN RE: MOTION FOR FEES, COSTS, ENHANCEMENT AWARDS

- • $146,251.00 for estimated settlement funds to the Settlement Class (the "Net Settlement Fund" or "NSF");
- • $5,999.00[1] for administration costs regarding the Settlement;
- • $15,000.00 payment to the LWDA;
- • $5,000.00 to the PAGA Members;
- • $7,500.00 for a Service Award to Plaintiff Steven A. Arreola; and
- • up to $103,250.00 for attorney's fees; and
- • up to $12,000.00 in litigation costs.  Settlement, ¶ 19.e.

20.    The NSF will be paid in its entirety to the Class Members who decide to participate in the Settlement and will be divided into two separate funds.  *Id.* at ¶ 19.g.  Each Settlement Class Member will receive a Settlement Payment calculated by multiplying the number of workweeks he or she worked during the Class Period by the Workweek Settlement Value.  PAGA Members will automatically receive a settlement payment based on workweeks worked during the PAGA liability period.

21.    Based on a Settlement Class Size of 111 and the anticipated NSF, Plaintiff anticipates the approximate payment per Class Member to be $1,317.58.  Alcantara Decl., ¶ 13.

22.    Class Counsel's actual costs are lower, which results in a slightly higher NSF to be distributed to the Class than anticipated by the Settlement Administrator.

### Investigation and Mediation

23.    Prior to the mediation Defendant also voluntarily provided class data and information which permitted an objective assessment of Defendant's potential liability exposure, including numbers for the current and former Class Members and their total work weeks worked during the Class Period, along with other information

---

[1] The Settlement Agreement provides for administration costs up to $7,000.00, which was preliminary approved by the Court.  However, the actual administration costs incurred by the Claims Administrator were $5,999.00.  Alcantara Decl., ¶ 19.  As such, the $1,001.00 difference will be added to the NSF.  Settlement Agreement, ¶ 19(f).

required to assess the potential settlement value.

24.    Finding that their respective interests are best served by compromise, the Parties agreed to mediate after conducting the discovery and investigation and did so on August 2, 2019 with well-respected wage and hour mediator, Joel M. Grossman in Los Angeles, California.  After a full day of substantial negotiations, the Parties were able to reach a settlement in principle and entered into a tentative agreement, which formed the basis for the Settlement that followed and is now before the Court for Final Approval.  ECF No. 30-3.  At all times, the Parties' settlement negotiations have been non-collusive, adversarial, and at arm's length, while recognizing the uncertainty, risk, expense, and delay attendant to continuing the Action through trial and any appeals.  *Id*.

25.    The Parties reached their Settlement only after evaluating Plaintiff's theories of potential exposure for the underlying claims, and, with the assistance of the mediator, considering discounts to potential liability in light of Defendant's contentions and defenses.  Using the comprehensive discovery and class data provided by Defendant, Class Counsel calculated Defendant's potential liability exposure for Plaintiff's main class-wide claims for failure to provide meal and rest periods and the PAGA claim.

### FRCP Rule 23(g) – Class Counsel Background and Experience

26.    My firm is well qualified because of our experience, knowledge, and resources to act as counsel and represent Plaintiff and the Class Members in this action.  My practice is exclusively focused on employment matters, with a substantial percentage devoted to litigating wage, hour, and working-conditions violations on a class-wide basis.

27.    I graduated from the University of Texas at Austin in 1999 with a Bachelor of Business Administration and a Master in Professional Accounting.  I graduated from Loyola Law School of Los Angeles in 2002.

28.    I have been practicing law since 2002.  Since 2004, I have focused

DECLARATION OF DARREN M. COHEN RE: MOTION FOR FEES, COSTS, ENHANCEMENT AWARDS

almost exclusively on representing employees, including in wage-and-hour class actions.  During my career, I have represented employees in over 100 wage-and-hour class action lawsuits as lead or co-lead counsel (including several in the Central, Southern, Eastern and Northern Districts of California), and I have obtained six and seven figure settlements against a range of defendants, including Fortune 500 companies.  These cases have involved the gamut of wage-and-hour claims, including claims for failure to pay minimum and overtime wages, failure to provide meal and rest breaks, failure to reimburse necessary business expenses, inaccurate pay statements, failure to pay timely wages—similar to claims at issue in the present matter.

29.    I am experienced in prosecuting employment matters, particularly class actions.  In addition to the present case, I am also class counsel for dozens of other putative certified wage-and-hour class-action lawsuits pending in various state and federal jurisdictions throughout California.

30.    My extensive experience in litigating employment wage and hour matters has been integral in identifying legal issues, evaluating the strengths and weaknesses of a case, and generally negotiating fair and reasonable class action settlements.  Practice in the narrow field of wage and hour litigation requires skill and knowledge concerning the constantly evolving substantive law (state and federal), as well as the procedural law of class action litigation.  In this action, I am fully equipped to use the skills and knowledge I have developed through more than a decade of prosecuting and defending wage and hour class actions to fairly and adequately represent the interests of the Class Members.  Therefore, on the account of my resources, experience, and knowledge, I am well qualified to act as Class Counsel and represent Plaintiff and the Class Members in this action.

31.    I am currently Lead Counsel or Co-Lead Counsel on more than 10 different wage and hour class actions.  Throughout the past years, I have also been named as Class Counsel on several wage and hour class actions.  Below is a

DECLARATION OF DARREN M. COHEN RE: MOTION FOR FEES, COSTS, ENHANCEMENT AWARDS

representative sampling of those cases:

A.    *Popielarski v. B.G. Jazz Grill, LLC* (BC330338) Los Angeles County Superior Court.   The matter was approved for final settlement by the Honorable John Shepard Wiley, Jr. in May 2006, in the gross amount of $37,500.00, with attorney's fees request of 33 1/3%.

B.    *Wallace v. What's Cookn Inc.* (BC341924) Los Angeles County Superior Court.   The matter was approved for final settlement by the Honorable Teresa Sanchez Gordon in September 2007, in the gross amount of $125,000.00, with attorney's fees request of 30%.

C.    *Janzen v. Miyagis & Co.* (BC342973) Los Angeles County Superior Court.   The matter was approved for final settlement by the Honorable Maureen Duffy-Lewis in January 2008, in the gross amount of $55,000.00, with attorney's fees request of 25%.

D.    *Chatman v. HVM LLC* (BC343861) Los Angeles County Superior Court.   The matter was approved for final settlement by the Honorable Elihu M. Berle in March 2007, in the gross amount of $957,000.00, with attorney's fees request of 20.8%.

E.    *Escobar v. Orion Plastics Corporation* (BC349221) Los Angeles County Superior Court.   The matter was approved for final settlement by the Honorable John Shepard Wiley Jr. in March 2007, in the gross amount of $162,500.00, with attorney's fees request of 30.7%.

F.    *Silverstein v. Morels Steakhouse* (BC353322) Los Angeles County Superior Court.   The matter was approved for final settlement by the Honorable Mary Thornton House in April 2007, in the gross amount of $175,000.00, with attorney's fees request of 30%.

G.    *King v. Closet World, Inc.* (BC345834) Los Angeles County Superior Court.   The matter was approved for final settlement by the Honorable William H. Mackey in May 2007, in the gross amount of $475,000.00, with

DECLARATION OF DARREN M. COHEN RE: MOTION FOR FEES, COSTS, ENHANCEMENT AWARDS

attorney's fees request of 30%.

H.   *Gray v. Beverly Hills Steakhouse* (BC357498) Los Angeles County Superior Court.   The matter was approved for final settlement by the Honorable John P. Shook in December 2007, in the gross amount of $750,000.00, with attorney's fees request of 30%.

I.   *Ryan v. Hilton Hotels Corporation* (BC364260) Los Angeles County Superior Court.   The matter was approved for final settlement by the Honorable Mary Thornton House in March 2008, in the gross amount of $1,675,000.00, with attorney's fees request of 33 1/3%.

J.   *Fowzer v. Northstar Moving Corporation* (BC369338) Los Angeles County Superior Court.   The matter was approved for final settlement by the Honorable Richard L. Fruin in September 2008, in the gross amount of $600,000.00, with attorney's fees request of 30%.

K.   *Benitez v. GRA-GAR LLC* (CIVSS709965) San Bernardino County Superior Court.   The matter was approved for final settlement by the Honorable W. Robert Fawke in February 2009, in the gross amount of $250,000.00, with attorney's fees request of 33 1/3%.

L.   *Rollins v. Big Wangs, Inc.* (BC393775) Los Angeles County Superior Court.   The matter was approved for final settlement by the Honorable Malcolm H. Mackey in October 2009, in the gross amount of $195,000.00, with attorney's fees request of 33 1/3%.

M.   *Keene v. The Gap, Inc.* (CGC-07-466574) San Francisco County Superior Court.   The matter was approved for final settlement by the Honorable John E. Munter in October 2009, in the gross amount of $475,000.00, with attorney's fees request of 30%.

N.   *Agnew v. Black Tie Event Services, Inc.* (BC378413) Los Angeles County Superior Court.   The matter was approved for final settlement in May 2010, in the gross amount of $96,000.00, with attorney's fees request of 33

1/3%.

O.  *Sevier v. Excalibur Well Service* (S-1500-CV-265391-WDP) Kern County Superior Court.  The matter was approved for final settlement by the Honorable William D. Palmer in May 2010, in the gross amount of $550,000.00, with attorney's fees request of 33 1/3%.

P.  *Walker v. Hennessey's Tavern, Inc.* (BC375599) Los Angeles County Superior Court. The matter was approved for final settlement by the Honorable Richard L. Fruin in August 2010, in the gross amount of $946,655.57, with attorney's fees request of $750,000.00.

Q.  *Nguyen V. Lucky Strike Del Amo, LLC; et al.* (BC400084) Los Angeles County Superior Court.  The matter was approved for final settlement by the Honorable Joanne B. O'Donnell in September 2010, in the gross amount of $190,000.00, with attorney's fees request of 33 1/3%.

R.  *Welch v. California Cemetery and Funeral Services, LLC* (BC396793) Los Angeles County Superior Court.  The matter was approved for final settlement by the Honorable Terry A. Green in September 2010, in the gross amount of $1,230,000.00, with attorney's fees request of 33 1/3%.

S.  *Boske v. Toys "R" Us - Delaware, Inc.* (BC378328) Los Angeles County Superior Court.  The matter was approved for final settlement by the Honorable Ann I. Jones in September 2010, in the gross amount of $1,850,000.00, with attorney's fees request of $450,000.00.

T.  *Rosales v. TAMCO* (BC413846) Los Angeles County Superior Court.  The matter was approved for final settlement by the Honorable Robert L. Hess in October 2010, in the gross amount of $850,000.00, with attorney's fees request of 33 1/3%.

U.  *Chatman v. Rainbow USA Inc.* (BC419328) Los Angeles County Superior Court.  The matter was approved for final settlement by the Honorable James Dunn in February 2011, in the gross amount of $500,000.00, with attorney's

fees request of 30%.

V. *Amiott v. Eat Good Stuff, Inc.* (BC402083) Los Angeles County Superior Court.  The matter was approved for final settlement by the Honorable Debre K. Weintraub in June 2011, in the gross amount of $200,000.00, with attorney's fees request of 30%.

W. *Ninua v. Regis Corp.* (CV 09 04045 (JSW)) United States District Court Northern District of California.  The matter was approved for final settlement by the Honorable Jeffery White in September 2011, in the gross amount of $750,000.00, with attorney's fees request of 30%.

X. *Elvey v. Southland Paving, Inc.* (37-2008-00095271-CU-OE-CTL) San Diego County Superior Court.  The matter was approved for final settlement by the Honorable Joel M. Pressman in September 2011, in the gross amount of $650,000.00, with attorney's fees request of 33 1/3%.

Y. *Driscoll v. Staff Pro, Inc.* (BC417925) Los Angeles County Superior Court.  The matter was approved for final settlement by the Honorable Luis Lavin in December 2011, in the gross amount of $450,000.00, with attorney's fees request of 30%.

Z. *Stephens v. Fresh & Easy Neighborhood Market, Inc.* (BC418826) Los Angeles County Superior Court.  The matter was approved for final settlement by the Honorable Jane Johnson in November 2012, in the gross amount of $173,439.00, with attorney's fees request of $357,400.00.

AA. *Silvas v. Southwestern Furniture of Wisconsin, LLC* (JCCP4731) San Diego County Superior Court.  The matter was approved for final settlement by the Honorable John S. Meyer in October 2013, in the gross amount of $150,500.00, with attorney's fees request of $42,985.00.

BB. *Fraley v. NOHO 1 L.P., d.b.a. BIG WANGS* (BC473387) Los Angeles County Superior Court.  The matter was approved for final settlement by the Honorable Richard E. Rico in March 2014, in the gross amount of $95,000.00,

with attorney's fees request of $31,666.67.

    CC.   *Hernandez v. Universal Waste Systems, Inc.* (BC473371) Los Angeles County Superior Court.  The matter was approved for final settlement by the Honorable Richard L. Fruin in October 2014, in the gross amount of $1,300,000.00, with attorney's fees request of $433,333.33.

    DD.   *Rios v. Retail Assistance Corporation* (BC515050) Los Angeles County Superior Court.  The matter was approved for final settlement by the Honorable William F. Highberger in May 2015, in the gross amount of $408,715.28, with attorney's fees request of $166,666.67.

    EE.   *Calhoun v. Applied Perceptions LLC* (BC515049) Los Angeles County Superior Court.  The matter was approved for final settlement by the Honorable Kenneth R. Freeman in November 2015, in the gross amount of $490,113.83, with attorney's fees request of $200,000.00.

    FF.   *Pena v. Shoe Palace Corporation* (1-13-CV-249131) Santa Clara County Superior Court.  The matter was approved for final settlement by the Honorable Peter H. Kirwan in January 2016, in the gross amount of $440,000.00, with attorney's fees request of $146,666.67.

    GG.   *Gladue v. Heartland Employment Services, LLC* (34-2015-00180146) Sacramento County Superior Court.  The matter was approved for final settlement by the Honorable Raymond M. Cadei in March 2016, in the gross amount of $985,000.00, with attorney's fees request of $328,333.33.

    HH.   *Millan v. Cascade Water Services, Inc.* (1:12-cv-01821-AWI-EPG) United States District Court, Eastern District of California.  The matter was approved for final settlement by the Honorable Anthony W. Ishii in May 2016, in the gross amount of $150,000.00, with attorney's fees request of $50,000.00.

    II.   *Carpenter v. ATA Retail Services, Inc.* (M132645) Monterey County Superior Court.  The matter was approved for final settlement by the Honorable Lydia M. Villarreal in August 2016, in the gross amount of $800,000.00,

with attorney's fees request of $266,666.67.

JJ.     *Forbes v. ISL Employees, Inc.* (37-2015-00016114-CU-OE-NC) San Diego County Superior Court – North County Regional Center.  The matter was approved for final settlement by the Honorable Jacqueline M. Stern in October 2016, in the gross amount of $450,000.00, with attorney's fees request of $157,500.00.

KK.     *Christian   v.   Ortiz   Corporation*   (37-2016-00006768-CU-OE-CTL) San Diego County Superior Court.   The matter was approved for final settlement by the Honorable Joan M. Lewis in July 2017, in the gross amount of $300,000.00, with attorney's fees request of $100,000.00.

LL.     *Martinez v. CFHS Holdings, Inc.* (BC603390) Los Angeles County Superior Court.   The matter was approved for final settlement by the Honorable Deidre Hill in August 2017, in the gross amount of $425,000.00, with attorney's fees request of $141,666.67.

MM. *Munila   v.   Quest   Diagnostics   Incorporated,   which   will   do business in California as Quest Diagnostics Incorporated of Nevada* (RG16808899) Alameda County Superior Court.   The matter was approved for final settlement by the Honorable Brad Seligman in September 2017, in the gross amount of $1,350,000.00, with attorney's fees request of $400,000.00.

NN.     *Hull v. Deluxe Shared Services Inc.,* (BC595144) Los Angeles County Superior Court.   The matter was approved for final settlement by the Honorable Maren E. Nelson in February 2018, in the gross amount of $300,000.00, with attorney's fees request of $100,000.00.

OO.     *Roberts v. California Physicians' Service*, (STK-CV-UOE-2016-0002575) San Joaquin County Superior Court.  The matter was approved for final settlement by the Honorable Carter Holly in March 2018, in the gross amount of $235,000.00, with attorney's fees request of $78,333.33.

PP.     *Jewell v. Pyramid Enterprises, Inc.* (BC637461) Los Angeles

County Superior Court.   The matter was approved for final settlement by the Honorable Elihu M. Berle in June 2018, in the gross amount of $400,000.00, with attorney's fees request of $133,333.33.

QQ.   *Alcocer v. MG Remediation, Inc.* (BC660713) Los Angeles Superior Court.   The matter was approved for PAGA settlement by the Honorable Ruth A. Kwan in August 2018, in the gross amount of $52,000.00, with attorney's fees request of $20,800.00.

RR.   *Tommi v. Frontline Technology Solutions, LLC* (37-2017-00032380-CU-OE-CTL) San Diego Superior Court.   The matter was approved for final settlement by Honorable Kenneth Medel in November 2018, in the gross amount of $120,000.00, with attorney's fees request of $42,000.00.

SS.   *Bobo v. Omar Orozco's Contracting* (CVCV-2017-194) Yolo Superior Court.   The matter was approved for final settlement by Honorable Thomas E. Warriner in March 2019, in the gross amount of $175,000.00, with attorney's fees request of $61,250.00.

TT.   *Arias v. Star Staffing, Inc.* (SCV257009) Sonoma Superior Court.   The matter was approved for PAGA settlement by Honorable Jennifer V. Dollard in June 2019, in the gross amount of $250,000.00, with attorney's fees request of $83,333.33.

UU.   *Gilbert Torrez v. Jayone Foods, Inc.* (BC708541) Los Angeles Superior Court.   The matter was approved for PAGA settlement by the Honorable William F. Highberger in July 2019, in the gross amount of $75,000.00, with attorney's fees request of $25,000.00.

VV.   *Goertemiller v. IQOR Holdings US Inc.* (BC631279) Los Angeles Superior Court.   The matter was approved for final settlement by the Honorable Ann I. Jones in August 2019, in the gross amount of $240,000.00, with attorney's fees request of $80,000.00.

WW. *Bigby v. Eugene Burger Management Corporation* (34-2015-

00182515-CU-OE-GDS) Sacramento Superior Court.  The matter was approved for final settlement by the Honorable David L. Brown in August 2019, in the gross amount of up to $900,000.00, with attorney's fees request of $315,000.00.

XX. *Banks v. Allison-Sierra, Inc.* (18CV-03528) Merced County Superior Court.  The matter was approved for final settlement by the Honorable Brian L. McCabe in November 2019, in the gross amount of $775,000.00, with attorney's fees request of $271,250.00.

YY. *Becerra v. Central Transport, LLC* (BC712869) Los Angeles County Superior Court.  The matter was approved for final settlement by the Honorable Amy D. Hogue in June 2020, in the gross amount of $600,000.00, with attorney's fees request of $200,000.00.

ZZ. *Nelson v. Soup Bases Loaded, Inc.* (BC719430) Los Angeles County Superior Court.  The matter was approved for final settlement by the Honorable Ann I. Jones in July 2020, in the gross amount of $303,450.00, with attorney's fees request of $105,000.00.

AAA. *Keating v. Nine Sofia, LLC* (BC699156) Los Angeles County Superior Court.  The matter was approved for final settlement by the Honorable Maren E. Nelson in August 2020, in the gross amount of $161,700.00, with attorney's fees request of $53,900.00.

BBB. *Perez v. Santa Rosa Stainless Steel Fabricators, Inc.* (SCV261498) Sonoma County Superior Court.  The matter was approved for final settlement by the Honorable Arthur A. Wick in September 2020, in the gross amount of $231,015.51, with attorney's fees request of $75,000.00.

CCC. *Kindle v. Kaplan International North America, LLC* (18STCV07608) Los Angeles County Superior Court.  The matter was approved for final settlement by the Honorable Yvette M. Palazuelos in September 2020, in the gross amount of $725,000.00, with attorney's fees request of $241,666.67.

DDD. *Covarrubias v. The Martin-Brower Company, LLC*

(19STCV26101) Los Angeles County Superior Court.  The matter was approved for final settlement by the Honorable Ann I. Jones in December 2020, in the gross amount of $550,000.00, with attorney's fees request of $192,500.00.

EEE. *Alvarez v. Bear Communications, Inc.* (19STCV24961) Los Angeles Superior Court.  The matter was approved for PAGA settlement by the Honorable Amy D. Hogue in January 2021, in the gross amount of $130,000.00, with attorney's fees request of $43,333.33.

FFF.  *Avila v. Simply Right, Inc., a Utah corporation* (BC538100) Los Angeles County Superior Court.  The matter was approved for final settlement by the Honorable Yvette M. Palazuelos in February 2021, in the gross amount of $245,000.00, with attorney's fees request of $85,750.00.

GGG. *Gonzalez v. Cleanstreet, Inc.* (20STCV04305) Los Angeles County Superior Court.  The matter was approved for final settlement by the Honorable William F. Highberger in July 2021, in the gross amount of $420,000.00, with attorney's fees request of $147,000.00.

HHH. *Coney v. Sentinel Real Estate Corporation, et al.* (19STCV09983) Los Angeles County Superior Court.  Preliminary Approval was granted on May 3, 2021, by the Honorable Carolyn B. Kuhl.  Plaintiff's Motion for Final Approval is currently scheduled for September 21, 2021.

III.    *Mendoza v. G&M Oil Inc.* (BC660714) Los Angeles County Superior Court.  Preliminary Approval was granted on May 28, 2021, by the Honorable William F. Highberger.  Plaintiff's Motion for Final Approval is currently scheduled for November 2, 2021.

JJJ.    *Bello v. Seiko Watch of America LLC* (19STCV22400) Los Angeles County Superior Court.  Preliminary Approval was granted on July 28, 2021, by the Honorable Ann I. Jones.  Plaintiff's Motion for Final Approval is currently scheduled for December 6, 2021.

32.    Kingsley & Kingsley, APC has extensive experience ligating wage and

DECLARATION OF DARREN M. COHEN RE: MOTION FOR FEES, COSTS, ENHANCEMENT AWARDS

hour class actions.  The firm has been appointed Class Counsel and has litigated numerous wage and hour class actions.  Some of which include:

   • *Tran v. Progressive Gaming Group*, Los Angeles County Superior Court (BC316988), contested Class Certification approved.

   • *Devian v. Leegin Creative Leather Products, Inc.*, Los Angeles County Superior Court (BC325161), contested Class Certification approved.

   • *Sierra v. Aames Home Loan*, Los Angeles County Superior Court (BC 326928), contested Class Certification approved.

   • *Budrow v. Dave & Buster's of California, Inc.*, Los Angeles County Superior Court (BC349060), contested Class Certification approved.

   • *Isaguirre v. Guess, Inc.*, Los Angeles County Superior Court (BC357631), contested Class Certification approved.

   • *Agnew v. Black Tie Event Services, Inc.*, Los Angeles Superior Court (BC378413), contested Class Certification approved.

   • *Lewis, et al. v. Collabrus, Inc., et al.*, Santa Clara Superior Court (1-09-CV-142927), contested Class Certification approved.

   • *Driscoll v. Staff Pro, Inc.*, Los Angeles County Superior Court (BC417925), contested Class Certification approved.

   • *Hernandez v. Universal Waste Systems, Inc.*, Los Angeles County Superior Court (BC473371), contested Class Certification approved.

   • *Amaro, et al. V. Gerawan Farming, Inc.*, United States District Court for the Eastern District of California (1:14-cv-00147-DAD-SAB), contested Class Certification approved.

   • *Weldon v. Geo Corrections & Detentions, LLC*, Kern County Superior Court (BCV-16-102833), contested Class Certification approved.

   33.    Class Counsel is experienced and qualified to evaluate the Class claims and viability of the defenses.  Class Counsel has experience not only in class actions and employment litigation, but specifically in wage and hour class actions.

Experienced Counsel in this case, operating at arms-length, has weighed all of the foregoing factors and endorses the proposed Settlement.  Class Counsel believes that the Settlement is fair, reasonable, adequate, and in the best interests of the Class.

34.     I do not believe that I have any conflicts of interest with the Class Members, the aggrieved PAGA employees, or with Plaintiff.  I am not related to Plaintiff.  I have not previously represented Defendant in any matter.  I respectfully submit that Kingsley & Kingsley, APC and I are well suited to act as Class Counsel for Plaintiff and the Class Members in this action, and we have and will continue to vigorously represent the interests of those individuals.

### Class Representative Service Award

35.     The separate Service Award payment to Plaintiff is intended to recognize his time and effort on behalf of the Class.  Class Counsel contends, and Defendant do not contest, that the proposed payment of $7,500.00 to Plaintiff for his services as the Class Representative is fair and appropriate.  By initiating and prosecuting this action, Plaintiff bore all the risks associated with a potentially unfavorable outcome, including liability for Defendant's attorney's fees.  Moreover, even if successful, Plaintiff risked incurring retaliation from current and prospective employers for suing Defendant because employers are less likely to hire an applicant who has sued his former employer over one who has not.

36.     Plaintiff spent a considerable amount of time and effort assisting Class Counsel by, *inter alia,* providing documents and information, identifying witnesses, helping them analyze documents produced by Defendant, assisting Class Counsel in drafting the mediation brief, participating in the mediation, and reviewing and signing the Settlement Agreement.  Declaration of Steven A. Arreola in support of Motion for Attorney's Fees, Costs, Representative Enhancement Award ("Arreola Decl."), ¶¶ 7-26.  At all times, Plaintiff served unselfishly as the champion of the Class Members.  *Id*.  Furthermore, the proposed Service Award, subject to the approval of the Court, is a very small percentage of the aggregate value of the GFV.

DECLARATION OF DARREN M. COHEN RE: MOTION FOR FEES, COSTS, ENHANCEMENT AWARDS

Plaintiff has provided a Declaration in support of the requested Service Award and detailing his contributions to the Class and this litigation. *Id.*

37. The Settlement Agreement provides that Class Counsel will move the Court for a Service Award for Plaintiff in the amount of up to $7,500.00. Plaintiff has agreed to serve as the Class Representative, and he will and has fairly and adequately protected the Class interests. The Arreola Declaration establishes he has no interests in conflict with the Class Members, he is well aware of his duties as class representative and has actively participated in the prosecution of this case to date. *Id.*

38. Plaintiff assisted Class Counsel with investigation and evaluation of the class and representative claims, including producing documents and attending multiple telephonic conferences and meetings with Plaintiff's Counsel. He worked with Class Counsel from the onset of their investigation providing statements and information regarding Defendant's policies and practices. *Id.* Plaintiff spent a considerable amount of time and effort assisting Class Counsel by providing documents and information, being available to discuss intricate details of the case on multiple occasions, responding to discovery propounded by Defendant, identifying witnesses, helping counsel analyze documents produced by Defendant, assisting Class Counsel in preparing for mediation, participating in the mediation, and reviewing and signing the Settlement Agreement. *Id.*

39. At all times, Plaintiff served unselfishly as the champion of the Class. In doing so, and by initiating and prosecuting this action, Plaintiff bore all the risks associated with a potentially unfavorable outcome, including liability for Defendant's attorney's fees. Moreover, even if successful, Plaintiff risked incurring retaliation from prospective employers for suing Defendant because employers are less likely to hire an applicant who has sued his former employer over one who has not. *Id.* at ¶ 22. Based on my experience as Class Counsel, fear of publicity resulting from serving as a Named Plaintiff is one of the primary reasons people

whose rights have been violated decide not to sue their employer.  In addition, the proposed service payment is modest compared to the estimated aggregate value of the settlement compensation being provided to the Class as a whole.  There are no conditions attached to Plaintiff seeking such incentive. Therefore, neither the size nor terms on the incentive awards undermine the adequacy of the class representative.

40.     As a former employee of Defendant, Plaintiff has placed his future employment prospects in peril by becoming a class representative.  If/when Plaintiff looks for future employment, it is common for employers to screen employee candidates to determine whether they have ever filed suit, and that employee candidates who might be branded "litigious" are likely to be screened out of the process.  In fact, an entire industry has developed for providing employers with background information on employee candidates.  The companies that provide these services actually promote themselves by touting their ability to identify and weed out potentially litigious employee candidates.

41.     For all of these reasons, the proposed service award is fair and justified.  Both state and federal courts recognize that class representatives should be specially compensated for the time and energy they put into the case as well as the risks they undertake prosecuting such actions.  Plaintiff has satisfied his obligations as Class Representative, has incurred numerous hours in service to this case and the Class Members, and has been invaluable in developing the claims, conducting discovery into them, and in reaching the Settlement.  *Id*. at ¶¶ 7-26.  The Declaration from Plaintiff in support of Class Counsel's Fees and Costs and his Service Award and Final Approval further address the details of his contributions to this favorable litigation result.  *Id.*  Plaintiff and Class Counsel request that he be awarded the requested Class Representative Service Award of $7,500.00.

**Request for Attorney's Fees and Costs**

42.     Administration of the Settlement will soon be completed, and the final

approval hearing is approaching on August 30, 2021.  Plaintiff therefore requests, without opposition from Defendant, that Plaintiff's Counsel be awarded at final approval, from the preliminarily approved Gross Settlement Amount of $295,000.00, attorney's fees (not to exceed 35% of the Gross Settlement Amount, i.e. $103,250.00) and actual reasonable litigation costs, as awarded by the Court (with present costs at approximately $7,499.43).  Any portion of the fees or costs that are not awarded to Class Counsel will be added back into the NSF for distribution to the Class Members.  ECF No. 30-3, 34-1, and 40.

43.     Class Counsel requests that the Court consider awarding attorney's fees at the 35% of the Settlement based on Class Counsel's submissions in connection with this Motion and throughout the litigation of this action.  Kingsley & Kingsley, APC, along with myself, have the background, resources, and experience to zealously represent Plaintiff and the Class Members, and have done so.

44.     From my extensive experience litigating and settling wage-and-hour class and representative actions, I believe that the requested award is fair and reasonable to compensate Class Counsel for all work done and to be done in prosecuting this action through approval and disbursement.

45.     Class Counsel is well acquainted with the contingent-fee market throughout California particularly as it pertains to complex-employment, wage-and-hour, and class and representative action litigation.  Class Counsel has negotiated numerous contingency-fee agreements with plaintiffs, both as individuals and as representatives in class-action suits and in other PAGA only actions.  Many of those agreements required that counsel receive a fee of up to 40% of any recovery that was obtained and be reimbursed for the costs that counsel incurred out of the recovery amount.

46.     Plaintiff, in his capacity as a representative of the Class, signed a contingency-fee agreement providing that Class Counsel could receive up to 40% of any recovery if this case settled.  This is a standard percentage in employment-

DECLARATION OF DARREN M. COHEN RE: MOTION FOR FEES, COSTS, ENHANCEMENT AWARDS

related contingency agreements throughout California.  Indeed, in declarant's opinion, the Class Members in this complex wage-and-hour case could not have retained more competent counsel in California, particularly with the considerable skill and expertise of Counsel, for any amount less than the contingency-fee percentage provided in the retainer agreement with Plaintiff.

47.     Class Counsel charges rates commensurate with or less than the prevailing market rates in the Los Angeles area, for attorneys of comparable experience and skill handling complex litigation.  The hourly rates for individual lawyers who worked on this matter from Kingsley & Kingsley, APC are:

| ATTORNEY | RATE |
|---|---|
| Eric B. Kingsley | $850.00 |
| Darren M. Cohen | $700.00 |

48.     I have provided a summary of my background and experience, and other cases where I have been approved as Class Counsel and received the above hourly rate, in the above paragraphs and in connection with Preliminary Approval of the Settlement.

49.     Mr. Kingsley has been practicing since 1996 and his billing rate is $850.00 per hour.  He has litigated hundreds of such cases, including at the appellate level at the U.S. Supreme Court, the California Supreme Court, the Ninth Circuit, and the Court of Appeal.  He is also a prolific speaker at various seminars on employment law and has contributed to legal publications on employment topics. He is knowledgeable of both the narrow issues of the substantive law and procedure of this Court.  Mr. Kingsley has worked on this action since the firm undertook this case.

50.     An article in the Wall Street Journal on February 9, 2016, titled *Legal Hours Cross New Mark: $1,500 an Hour* states that "a review of filings over the

DECLARATION OF DARREN M. COHEN RE: MOTION FOR FEES, COSTS, ENHANCEMENT AWARDS

past three months in about two dozen bankruptcy cases shows that senior partners routinely charge between $1,200 and $1,300 an hour, with top rates at several large law firms exceeding $1,400." The article also explains that "despite low inflation and weak demand for legal services, rates at large corporate law firms have risen by 3% to 4% a year since the economic downturn." Finally, the article notes that "the average highest rate paid for law-firm partners was $875 an hour in 2015." A true and correct copy of this article is attached hereto as Exhibit A.

51.    Class Counsel's rates are in line with the 2020-2021 adjusted Laffey Matrix, which is a fee scale that courts often consult in determining the reasonableness of hourly rates. Under the adjusted Laffey Matrix, a reasonable rate for an attorney with 20+ years of experience, such as Mr. Kingsley, is $914, and a reasonable rate for an attorney with 19 years of experience, such as myself, is $759. A true and correct copy of the 2020-2021 Adjusted Laffey Matrix is attached hereto as Exhibit B.

52.    Class Counsel has invested substantial time and maintained significant expense and effort to prosecute this case. The requested 35% of the total settlement amount for fees, and reimbursement of Class Counsel's reasonable litigation costs, are reasonable and adequate to compensate Class Counsel for the substantial work they have put into this case and the risk they assumed by taking it in the first place. The attorney's fees award is intended to reimburse Class Counsel for all uncompensated work that they have already done and for all the work they will continue to do in connection with this litigation, and attorney's fees and costs should be awarded to Class Counsel under Labor Code § 2699(g) for the PAGA claims. Counsel requests its reasonable attorney's fees of $103,250.00 under the percentage of the common fund and in accordance with the federal benchmark. This is warranted when reviewed under the lodestar cross-check, which establishes Class Counsel has invested enough hours such that no lodestar multiplier is required.

///

## The Lodestar Method and Cross-Check

53.     Class Counsel's lodestar calculation supports the requested attorney's fees.  The lodestar calculation typically proceeds in three steps.  First, a trial court must determine a baseline guide or "lodestar" figure based on the time spent and reasonable hourly compensation for each attorney involved in the case.  *Serrano v. Priest* (1975) 20 Cal.3d 25, 48.  The court then sets a reasonable hourly fee to apply to the time expended, with reference to the prevailing rates in the geographical area in which the action is pending.  *Bihun v. AT&T Information System* (1993) 13 Cal.App.4th 976, 997.  Finally, a "multiplier" is selected with reference to the following factors: (1) the novelty and difficulty of issues involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, and (4) the contingent nature of the fee award, based on the uncertainty of prevailing on the merits and of establishing eligibility for the award.  *Serrano*, 20 Cal.App.3d at 49.

54.     As summarized above, Class Counsel charges rates commensurate with or less than the prevailing market rates in the Los Angeles area for attorneys of comparable experience and skill handling complex litigation.  *See* Laffey Matrix, at Exhibit B.  Also, Class Counsel's rates have been approved in numerous other settlements we have negotiated in state and federal courts in recent years, including in the Central District.

55.     Class Counsel has made all reasonable attempts to avoid duplication of assignments and to assign tasks to timekeepers at the appropriate billing rates.

56.     To provide the Court with an overview of the work done by Class Counsel in this case, without requiring the review of our voluminous time records themselves, I have divided my firm's work into specific phases and tasks that track the progress of the litigation from our initial investigation through settlement.  I therefore provide the attached summary of the timekeeping records detailing the hours I worked in connection with this action in the time and task summary at

DECLARATION OF DARREN M. COHEN RE: MOTION FOR FEES, COSTS, ENHANCEMENT AWARDS

Exhibit C to this Declaration.  I have incurred at least 169.2 hours (including anticipated future time) thus far in prosecuting this action.  I have also included a similar time and task summary for Eric B. Kingsley who incurred at least 14.8 hours, for a total of 184.0 hours.

57.    A lodestar is as follows: Eric B. Kingsley ($750.00/hr. x 14.8 hours = $11,100.00) and Darren M. Cohen (($635.00/hr. x 126.3 hours) + ($700.00/hr. x 42.9 hours) = $110,230.50).  This results in a total lodestar, to date, of $121,330.50. This does not include the additional hours by paralegals and staff, and also does not include all the hours that will be incurred to take this action through Settlement approval, funding, and disbursement.  For example, our firm and staff have received calls from Class Members with questions regarding the Settlement, and we expect this to increase as funding and disbursement approach.  Therefore, the requested fees of $103,250.00 will not require any lodestar multiplier, when considering all the hours that remain required for taking this action through the approval, funding, and disbursement process.  In fact, the fee request represents only 0.85 of the lodestar incurred.

58.    I submit that a lodestar cross-check of these timekeeping records supports a conclusion that a 35% award of $103,250.00 is reasonable under both the percentage of the fund approach and following the lodestar cross-check.

59.    Many federal courts have authorized fees in excess of 25%. Rubenstein, Conte and Newberg, Newberg on Class Actions, §14:6 (4th ed. 2002); *Singer v. Becton, Dickinson & Co*., 2010 WL 2196104, at *8 (S.D. Cal. 2010); *Collins v. ITT Educational Servs., Inc.*, Case No. 12-cv-1395-DMS-BGS, Dkt. No. 93. (S.D. Cal, Jan. 15, 2015).  Class Counsel has provided support for the fees and costs awards using both methodologies, lodestar and percentage-of-the-fund, as cross checks.  Defendant does not oppose this application for attorney's fees and costs, and there have been no objectors to date.  Any potential reduction by the Court of the requested fees and costs does not change the remaining terms of the

Settlement and will be added back into the NSF.

60.     In addition to the hours worked, or to be worked, by Class Counsel, the attorney's fees award also takes into account the risks of prosecuting this action. Class Counsel prosecuted this case on a contingency basis with no guarantee of recovery and had to devote a significant amount of time and money without the possibility of receiving any compensation unless Plaintiff prevailed.  When this case was taken on a contingent-fee basis, with the firm advancing all litigation costs, the ultimate result was far from certain.  Defendant defended this action vigorously, and there has been substantial procedure, investigation, discovery, and informal discovery to date which have required a substantial investment of time and resources.  There is always the possibility that all the work Class Counsel had done would have gone uncompensated.

61.     In the course of this litigation, Class Counsel had to incur substantial out-of-pocket costs including, but not limited to, filing fees, service of process, copy charges for documents, attorney-service costs for court filings, computer research, travel expenses and mediator's fees.  Practicing in the narrow area of wage-and-hour litigation requires skill and knowledge concerning the constantly evolving substantive law, state and federal, as well as the procedural law of class-action and representative action litigation and involves a great deal of risk in that these cases can be lost on both class-action and representative action procedural rulings as well as the merits.  Further, due to the high stakes involved in terms of both retroactive and prospective relief, wage and hour class actions and representative actions are vigorously defended, and this case was no exception.

62.     Moreover, by working on this case, Class Counsel passed up other employment.  This case did not just crowd out another case, but because of the significant time commitment involved, it also crowded out our capacity to take several other cases.  Part of the reason for this is that several areas of wage and hour law are constantly developing, and thus the issues presented in this case required

1   more than just a general apprehension of wage-and-hour law and class-action and
2   representative action procedure.

3        63.    For all of the above reasons Class Counsel's contingency-fee
4   percentage of 35% for fees is reasonable.  Federal courts and California courts have
5   recognized that an appropriate method for determining the award for attorney's fees
6   is based on a percentage of the total value of benefits made available to the class
7   members by the settlement.  *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478, 100
8   S.Ct. 745, 749 (1980); *Vincent v. Hughes Air West, Inc.* (9th Cir. 1977) 557 F.2d
9   749, 769 (9th Cir. 1977); *Lealao v. Beneficial California, Inc.*, 82 Cal. App. 4th 19,
10  28, 97 Cal. Rptr. 2d 797 (2000) (recognizing the federal trend to award a percentage
11  of the common fund as attorneys' fees rather than the lodestar method).  The
12  requested fee award is justified under both approaches.

13       64.    Moreover, federal courts often award attorney's fees of greater than
14  25% of the common fund.  *In Re Pacific Enter. Sec. Litig.*, 47 F.3d 373, 379 (9th
15  Cir. 1995) (affirming 33 percent award); *In Re Activision Sec. Litig.*, 723 F.Supp.
16  1373 (N.D. Cal. 1989) (noting that fee awards in common fund cases "almost
17  always hover [ ] around 30% of the fund created by the settlement"); *Vizcaino v, et*
18  *al. v. Opinion Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002)(in upholding 28
19  percent attorneys' fees award of $27 million settlement).  Although there are no
20  bright-line rules in this area, fifty percent of the fund is typically considered the
21  upper limit, with thirty to fifty percent commonly awarded as attorneys' fees in
22  cases where the common fund is relatively small.  4 *Newberg* § 14.6; *Van Vranken*
23  *v. Atlantic Richfield Company*, 901 F. Supp. 294 (N.D. Cal. 1995) (stating that most
24  cases where 30-50 percent was awarded involved smaller settlement funds of under
25  $10 million); *In re Ampicillin Antitrust Litigation*, 526 F. Supp. 494 (D. D.C. 1981)
26  (awarding attorney's fees consisting of 50% of $7.3 million settlement); *In re*
27  *Warner Communications Securities Litigation,* 618 F. Supp. 735, 749-50 (S.D.N.Y.
28  1985) (attorneys' fees up to 50 percent of the total possible value of the settlement

permissible).

65.     To sum up, Class Counsel diligently litigated this matter to vindicate the rights of Class Members.  Class Counsel undertook this complex, risky, expensive, and time-consuming litigation solely on a contingency basis and in so doing have secured substantial benefits for Class Members.  Consequently, the Court should approve the requested attorney's fees of $103,250.00 as adequate and reasonable.

## **Reasonable Litigation Costs**

66.     As of the date of the filing of the instant motion, my firm has documented costs of approximately $7,499.43.  Class Counsel incurred costs including, but not limited to, filing fees (e.g. complaint, stipulation, motions), service of process, travel costs, mediation fees, attorney-service costs for court filings and chambers' copies and the like, copy charges for documents, parking and mileage, and postage charges.  At Exhibit D to this Declaration, I provide a copy of our firm's cost ledger listing the reasonable litigation related expenses we have incurred thus far in connection with this action.  The Court has preliminarily approved actual reasonable litigation costs.  Class Counsel respectfully requests that the Court approve reimbursement of our reasonable litigation costs from the Settlement.

## **The Risks of Representation Support the Requested Fees and Costs**

67.     This matter has required Class Counsel to expend substantial time that could have been spent on other fee-generating matters.  We took this matter on a pure contingency basis, expending this effort without any guarantee of recovery.  At various times, the litigation has consumed a significant percentage of my time, my attorney colleagues' time, and my staff's time.

68.     When lawyers at our firm spend time on contingency matters, they do so at significant opportunity cost for the firm.  We frequently turn away hourly matters, including hourly litigation matters, in order to enable its attorneys to work

on contingency matters, primarily (though not exclusively) class actions.

69.     Because we constantly decline to represent workers with valid legal claims – who might pay hourly or retain us on a contingency basis – there is a significant opportunity cost to each class action we pursue.  Class Counsel undertook representation of the Plaintiff in this action without any assurance of payment for its services, litigating the case on a wholly contingent basis in the face of significant risk.  Class wage and hour cases of this type are, by their very nature, complicated and time-consuming.  Any lawyer undertaking representation of large numbers of affected employees in wage and hour actions inevitably must be prepared to make a tremendous investment of time, energy, and resources.  Sometimes these cases result in a recovery for the class, and sometimes they do not, in which case we are paid nothing for our time and costs incurred.

70.     There are always risks attendant to billing cases on a contingency basis. Those risks are even higher in the current economic climate.  Kingsley & Kingsley bills the vast majority of its cases on contingency and has been affected by recent bankruptcy filings.  In two separate cases, *Lozoya v. Shore House Café, Inc.,* No. 30-2008-00082103-CU-OE-CJC (Orange Super. Ct. filed Mar. 7, 2008) and *Davis v. Crossfire Marketing Group, LLC*, No. CIVRS1207797 (San Bernardino Super. Ct. filed October 5, 2012), the defendants both filed for bankruptcy protection in June 2011 and January 2015 after years of litigation.  My firm advanced costs and incurred thousands of dollars in fees that will never be recovered.

71.     Additionally, there are cases where Class Counsel takes on the extreme risk of attempting to certify a class case, often times turning down class or individual settlement offers that Class Counsel feels are not in the best interest of the class, only to lose class certification and the costs and fees associated with the litigation. *See e.g., Prosad v. Del Taco Restaurant Services, Inc.,* No. BC426538 (L.A. Super. Ct. filed Nov. 2009); *Perez v. Safelite Group, Inc.*, CV-10-8653-RGK(FFMx) (C.D. Cal. filed October 5, 2010).

72.     When Class Counsel's motions for class certification are denied, Class Counsel often appeals the orders.  Sometimes, these denials are overturned (*Perez v. Safelite Group, Inc.*, 553 Fed.Appx. 667 (9th Cir. 2015); *Anderson v. Total Renal Care, Inc.*, No. B236207 (Cal. Ct. App. 2012)) and other times Class Counsel is unsuccessful (*Prosad v. Del Taco Restaurant Services, Inc.,* No. B238605 (CA. Ct. App. 2012)).

73.     Kingsley & Kingsley has been involved in numerous lengthy and protracted appeals process before the California Court of Appeal, the Ninth Circuit, the Seventh Circuit, and the United States Supreme Court.  Our firm specifically has taken and lost some issues on appeal that required the write-off of significant legal fees.  Also, our firm has been successful on appeal and overturned unfavorable lower court rulings or successfully fought to have successful rulings affirmed. Below is just a sample of some of these appeals:

A.     *D'Este v. Bayer Corp.*, 565 F.3d 1119 (9th Cir. 2009) (lower court ruling that pharmaceutical sales representatives are exempt employees affirmed).

B.     *Budrow v. Dave & Buster's of California, Inc.*, 171 Cal. App. 4th 875 (2009) (lower court ruling in employer's favor that certain employees can share in mandatory tip pool affirmed).

C.     *Etheridge v. Reins Int'l California, Inc.*, 172 Cal. App. 4th 908 (2009) (lower court ruling in employer's favor that certain employees can share in mandatory tip pool affirmed).

D.     *Areso v. CarMax, Inc.,* 195 Cal. App. 4th 996 (2011) (lower court ruling in employer's favor approving employer's commission pay plan affirmed).

E.     *Christopher v. SmithKline Beecham Corp.*, 132 S. Ct. 2156, 183 L. Ed. 2d 153 (2012) (lower court ruling that pharmaceutical sales representatives are exempt employees affirmed).

F.    *Schaefer-LaRose v. Eli Lilly & Co.*, 679 F.3d 560 (7th Cir. 2012) (lower court ruling that pharmaceutical sales representatives are exempt employees affirmed).

G.    *Fowler v. Carmax, Inc.*, No. B238426, 2013 WL 1208111 (Cal. Ct. App. Mar. 26, 2013), cert. granted, judgment vacated sub nom. *CarMax Auto Superstores California, LLC v. Fowler*, 134 S. Ct. 1277, 188 L. Ed. 2d 290 (2014) (lower court granted employer's motion to compel arbitration, Court of Appeal reversed, U.S. Supreme Court affirmed lower court).

H.    *Salazar v. Apple Am. Grp., LLC*, No. E059562, 2015 WL 314703 (Cal. Ct. App. Jan. 26, 2015), review denied (Apr. 22, 2015), cert. denied, 136 S. Ct. 688, 193 L. Ed. 2d 519 (2015) (lower court ruling in employee's favor on motion to compel arbitration affirmed).

I.    *Anaya v. J's Maint. Serv., Inc.*, No. B261662, 2016 WL 519867 (Cal. Ct. App. Feb. 9, 2016) (lower court ruling in employee's favor on motion to compel arbitration affirmed).

74.    Equity supports the award of attorney fees.  Class actions serve the policy goals of efficient judicial management; they set a procedure where one judgment covers all claimants, ensuring that the rights of citizens are exonerated, even where their individual claims are relatively small and/or their financial means are lean, such that an attorney would be unlikely to accept the financial risk of an individual representation.  *Keating v. Super. Ct.*, 31 Cal. 3d 584, 609 (1982) (reversed in part on other grounds); *Serrano v. Priest*, 20 Cal. 3d 25, 34 (1977). Accordingly, "it is well settled that the lawyer who creates a common fund is allowed an *extra* reward...so that he might share the wealth of those upon whom he has conferred a benefit."  *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 271 (9th Cir. 1989).  Here, equity supports an award of attorney's fees and costs, because without this class action, individual claims would likely never see the light of day, nor achieve corrective measures or compensate a class.

75.     To sum up, Class Counsel diligently litigated this matter to vindicate the rights of Class Members.  Class Counsel undertook this complex, risky, expensive, and time-consuming litigation solely on a contingency basis and in so doing have secured substantial benefits for all Settlement Class Members.  Class Counsel therefore asks that the Court approve the requested attorney's fees and costs of $103,250.00, which is 35% of the GFV, as adequate and reasonable, upon counsel's showing of good cause in connection with final approval.

I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed August 5, 2021 at Los Angeles, California.

*/s/ Darren M. Cohen*
Darren M. Cohen

DECLARATION OF DARREN M. COHEN RE: MOTION FOR FEES, COSTS, ENHANCEMENT AWARDS

# EXHIBIT A

# THE WALL STREET JOURNAL.

This copy is for your personal, non-commercial use only. To order presentation-ready copies for distribution to your colleagues, clients or customers visit http://www.djreprints.com.

http://www.wsj.com/articles/legal-fees-reach-now-pinnacle-1-500-an-hour-1454960708

BUSINESS | LAW

# Legal Fees Cross New Mark: $1,500 an Hour

Billing rates for partners at elite corporate law firms keep rising, despite low inflation, weak demand



Documents filed in chapter 11 bankruptcy cases offer a rare public glimpse at the mounting hourly fees of law partners at elite corporate law firms. Above, the U.S. Bankruptcy Court in New York. *PHOTO: BRENDAN MCDERMID/REUTERS*

By SARA RANDAZZO and JACQUELINE PALANK

Updated Feb. 9, 2016 10:11 a.m. ET

The day of the $1,500-an-hour lawyer has arrived.

Partners at some of the nation's top law firms are approaching—and, in a few cases, surpassing—that watershed billing rate, making the $1,000-an-hour legal fees that once seemed so steep look quaint by comparison.

Despite low inflation and weak demand for legal services, rates at large corporate law firms have risen by 3% to 4% a year since the economic downturn, according to Citi Private Bank's Law Firm Group.

"We just raise them every year," said John Altorelli, a finance lawyer at DLA Piper LLP in New York, who says the firm has set his rate at more than $1,500 an hour. Mr. Altorelli, who filed for personal bankruptcy in 2014 to halt a legal battle with the estate of his former law firm, Dewey & LeBoeuf LLP, cracked the $1,000-an-hour mark a decade ago. His fees have risen steadily ever since.

To soften the blow to clients, Mr. Altorelli does more than half his work on some kind of fixed-fee basis. "Using hourly rates is really anachronistic, but we still do it," he said.

Raising rates ensures that law firms keep up with the competition and helps them wrest more money from clients, who routinely demand discounts for all but the most sensitive work.

"If you think of the rules of supply and demand, how in the world can they keep raising their rates?" said Jeff Carr, a former general counsel of oil-and-gas services and equipment company FMC Technologies who for years has been an outspoken opponent of hourly legal rates.

The rate creep has boosted law firms' revenue at a time when many of them are under pressure from lower-cost legal-service providers and corporate clients that are keeping more legal work in-house. Revenue at law firms rose 4% last year, according to Wells Fargo Private Bank's Legal Specialty Group, though demand rose just 0.5%.

"Lots of law firms will charge whatever the market can bear," said the head of one of the nation's 200 largest law firms.

Documents filed in chapter 11 bankruptcy cases offer a rare public glimpse at mounting fees. These court filings show the rates of partners specializing in corporate restructuring, as well as those with specialties like tax, litigation and corporate law.

A review of filings over the past three months in about two dozen bankruptcy cases shows that senior partners routinely charge between $1,200 and $1,300 an hour, with top rates at several large law firms exceeding $1,400.

Proskauer Rose LLP's hourly partner billing rate has climbed as high as $1,475, while Ropes & Gray LLP's tops out at $1,450, court papers show.

Kirkland & Ellis LLP's top hourly billing rate is now $1,445. And rates at two firms—Akin Gump Strauss Hauer & Feld LLP and Skadden, Arps, Slate, Meagher & Flom LLP—peak at $1,425 an hour.

Representatives of the law firms declined to comment.

## Top Billers

Hourly rates of partners at top U.S. law firms now approach $1,500.

| Firm | Rate |
|---|---|
| Proskauer Rose | $925-1,475 |
| Ropes & Gray | $895-1,450 |
| Kirkland & Ellis | $875-1,445 |
| Skadden, Arps, Slate, Meagher & Flom | $935-1,425 |
| Akin Gump Strauss Hauer & Feld | $725-1,425 |
| Paul Hastings | $875-1,325 |
| Jones Day* | $600-1,300 |
| Morrison & Foerster | $825-1,290 |

0   $500   $1,000   $1,500

*Includes partners and of counsel
Source: Bankruptcy court filings

THE WALL STREET JOURNAL.

Martin Bienenstock, who leads Proskauer's restructuring practice, called the $1,225 an hour he billed clients last year "a market rate similar to my peers at other firms," and said he charges the same rate for nonbankruptcy work.

"The clients have kept coming back and growing during my 38-year career," he said in an email, adding that clients generally prefer dealing directly with senior lawyers versus younger associates with lower rates.

In disclosing their firmwide rate increases, many firms tell the courts it is a standard way of keeping pace with "economic and other conditions." These include rising fixed costs, such as real estate and salaries.

In theory, a law-firm partner's pay rises and falls with the success of the firm. But, as competition for top talent increases, many firms feel the need to guarantee salaries or ensure a partner's pay doesn't fall, even in down years.

Still, only elite lawyers can charge $1,400 an hour or more. Such rates are found almost exclusively in New York and other major markets, and only in the least price-sensitive fields like mergers and acquisitions, restructuring, tax, antitrust and high-stakes litigation and appeals.

For lawyers at the very top of those fields, hourly rates can hit $1,800 or even $1,950.

"You have a very few people at the very top where price is almost no object," said legal consultant Bruce MacEwen, who likens it to the way celebrities, sports stars and best-selling authors are paid. "It is a talent market."

Most lawyers in the U.S. fall well below those high marks. In a survey of in-house legal departments by BTI Consulting Group, the average highest rate paid for

law-firm partners was $875 an hour in 2015, up more than 27% from three years earlier. Of the respondents, 38% had paid more than $1,000 an hour for a lawyer, and the highest rate those in the survey paid was $1,600 an hour.

For many firms, the stated rate is simply a starting point in discussions with corporate law departments. As a result, said legal consultant Ward Bower of Altman Weil, "sophisticated" law firms tend to implement annual rate increases to offset clients' requests for discounts.

Such discounts are becoming more commonplace. A decade ago, law firms could typically get clients to pay around 92% of their stated rates, according to Thomson Reuters Peer Monitor. Last year, that fell to less than 83%.

Smaller companies can get squeezed the most on fees, because they don't send enough work to any one law firm to get the best deals.

Companies with $4 billion or more in annual revenue were twice as likely as those with less than $100 million in revenue to use some form of alternative fee, according to a survey from industry trade group the Association of Corporate Counsel.

Some industry watchers view the raise-and-discount approach with skepticism.

"If clients are pushing back on rates, the answer isn't to raise them" and then ask for a discount, Mr. MacEwen said. "The answer is to provide better total value."

**Write to** Sara Randazzo at sara.randazzo@wsj.com and Jacqueline Palank at jacqueline.palank@wsj.com

# EXHIBIT B

# LAFFEY MATRIX

History

Case Law

Expert Opinions

**See the Matrix**

Contact us

Home

Links

|  |  |  | Years Out of Law School * | | | | |
| Year | Adjustmt Factor** | Paralegal/ Law Clerk | 1-3 | 4-7 | 8-10 | 11-19 | 20 + |
|---|---|---|---|---|---|---|---|
| 6/01/20- 5/31/21 | 1.015894 | $206 | $378 | $465 | $672 | $759 | $914 |
| 6/01/19- 5/31/20 | 1.0049 | $203 | $372 | $458 | $661 | $747 | $899 |
| 6/01/18- 5/31/19 | 1.0350 | $202 | $371 | $455 | $658 | $742 | $894 |
| 6/01/17- 5/31/18 | 1.0463 | $196 | $359 | $440 | $636 | $717 | $864 |
| 6/01/16- 5/31/17 | 1.0369 | $187 | $343 | $421 | $608 | $685 | $826 |
| 6/01/15- 5/31/16 | 1.0089 | $180 | $331 | $406 | $586 | $661 | $796 |
| 6/01/14- 5/31/15 | 1.0235 | $179 | $328 | $402 | $581 | $655 | $789 |
| 6/01/13- 5/31/14 | 1.0244 | $175 | $320 | $393 | $567 | $640 | $771 |
| 6/01/12- 5/31/13 | 1.0258 | $170 | $312 | $383 | $554 | $625 | $753 |
| 6/01/11- 5/31/12 | 1.0352 | $166 | $305 | $374 | $540 | $609 | $734 |
| 6/01/10- 5/31/11 | 1.0337 | $161 | $294 | $361 | $522 | $589 | $709 |
| 6/01/09- 5/31/10 | 1.0220 | $155 | $285 | $349 | $505 | $569 | $686 |
| 6/01/08- 5/31/09 | 1.0399 | $152 | $279 | $342 | $494 | $557 | $671 |
| 6/01/07-5/31/08 | 1.0516 | $146 | $268 | $329 | $475 | $536 | $645 |
| 6/01/06-5/31/07 | 1.0256 | $139 | $255 | $313 | $452 | $509 | $614 |
| 6/1/05-5/31/06 | 1.0427 | $136 | $249 | $305 | $441 | $497 | $598 |
| 6/1/04-5/31/05 | 1.0455 | $130 | $239 | $293 | $423 | $476 | $574 |
| 6/1/03-6/1/04 | 1.0507 | $124 | $228 | $280 | $405 | $456 | $549 |
| 6/1/02-5/31/03 | 1.0727 | $118 | $217 | $267 | $385 | $434 | $522 |
| 6/1/01-5/31/02 | 1.0407 | $110 | $203 | $249 | $359 | $404 | $487 |
| 6/1/00-5/31/01 | 1.0529 | $106 | $195 | $239 | $345 | $388 | $468 |
| 6/1/99-5/31/00 | 1.0491 | $101 | $185 | $227 | $328 | $369 | $444 |
| 6/1/98-5/31/99 | 1.0439 | $96 | $176 | $216 | $312 | $352 | $424 |
| 6/1/97-5/31/98 | 1.0419 | $92 | $169 | $207 | $299 | $337 | $406 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 6/1/96-5/31/97 | 1.0596 | $88 | $162 | $198 | $287 | $323 | $389 |
| 6/1/95-5/31/96 | 1.032 | $85 | $155 | $191 | $276 | $311 | $375 |
| 6/1/94-5/31/95 | 1.0237 | $82 | $151 | $185 | $267 | $301 | $363 |

The methodology of calculation and benchmarking for this Updated Laffey Matrix has been approved in a number of cases. See, e.g., McDowell v. District of Columbia, Civ. A. No. 00-594 (RCL), LEXSEE 2001 U.S. Dist. LEXIS 8114 (D.D.C. June 4, 2001); Salazar v. Dist. of Col., 123 F.Supp.2d 8 (D.D.C. 2000).

* "Years Out of Law School" is calculated from June 1 of each year, when most law students graduate. "1-3" includes an attorney in his 1st, 2nd and 3rd years of practice, measured from date of graduation (June 1). "4-7" applies to attorneys in their 4th, 5th, 6th and 7th years of practice. An attorney who graduated in May 1996 would be in tier "1-3" from June 1, 1996 until May 31, 1999, would move into tier "4-7" on June 1, 1999, and tier "8-10" on June 1, 2003.

** The Adjustment Factor refers to the nation-wide Legal Services Component of the Consumer Price Index produced by the Bureau of Labor Statistics of the United States Department of Labor.

# EXHIBIT C

### Task 1: Meeting with Client, Pre-Filing, and Investigation

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Darren M. Cohen | $ 635.00 | 9.6 | $ 6,096.00 |
| Eric B. Kingsley | $ 750.00 | 1.7 | $ 1,275.00 |
| **Fee Request for Task 1** | | **11.3** | **$ 7,371.00** |

### Task 2: Filing Complaint and Drafting/Sending/Filing LWDA Letter

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Darren M. Cohen | $ 635.00 | 12.5 | $ 7,937.50 |
| Eric B. Kingsley | $ 750.00 | 2.4 | $ 1,800.00 |
| **Fee Request for Task 2** | | **14.9** | **$ 9,737.50** |

### Task 3: Defendant's Removal and Remand Issues

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Darren M. Cohen | $ 635.00 | 3.2 | $ 2,032.00 |
| Eric B. Kingsley | $ 750.00 | 1.8 | $ 1,350.00 |
| **Fee Request for Task 3** | | **5** | **$ 3,382.00** |

### Task 4: Stipulation for Relief from Local Rule 23-3

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Darren M. Cohen | $ 635.00 | 4.3 | $ 2,730.50 |
| Eric B. Kingsley | $ 750.00 | 1.5 | $ 1,125.00 |
| **Fee Request for Task 4** | | **5.8** | **$ 3,855.50** |

### Task 5: Initial Conferences and Correspondance with Defendant

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Darren M. Cohen | $ 635.00 | 15.6 | $ 9,906.00 |
| Eric B. Kingsley | $ 750.00 | 2.6 | $ 1,950.00 |
| **Fee Request for Task 5** | | **18.2** | **$ 11,856.00** |

### Task 6: Prepare and Respond to Defendant's Formal Discovery

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Darren M. Cohen | $ 635.00 | 9.5 | $ 6,032.50 |
| **Fee Request for Task 6** | | **9.5** | **$ 6,032.50** |

### Task 7: Potential ADR Discussions and Initial Informal Exchanges

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Darren M. Cohen | $ 635.00 | 7.5 | $ 4,762.50 |
| **Fee Request for Task 7** | | **7.5** | **$ 4,762.50** |

### Task 8: Mediation Preparation and Conduct Mediation

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Darren M. Cohen | $ 635.00 | 23.5 | $ 14,922.50 |
| Eric B. Kingsley | $ 750.00 | 2.3 | $ 1,725.00 |
| **Fee Request for Task 8** | | **25.8** | **$ 16,647.50** |

**Task 9: First Amended Complaint and Adding PAGA Claim**

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Darren M. Cohen | $ 635.00 | 3.2 | $ 2,032.00 |

| **Fee Request for Task 9** | | **3.2** | **$ 2,032.00** |
|---|---|---|---|

**Task 10: Drafting and Finalizing Settlement Agreement and Terms**

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Darren M. Cohen | $ 635.00 | 15.3 | $ 9,715.50 |
| Eric B. Kingsley | $ 750.00 | 2.5 | $ 1,875.00 |
| **Fee Request for Task 10** | | **17.8** | **$ 11,590.50** |

**Task 11: Drafting Motion for Preliminary Approval and Related Documents**

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Darren M. Cohen | $ 635.00 | 22.1 | $ 14,033.50 |

| **Fee Request for Task 11** | | **22.1** | **$ 14,033.50** |
|---|---|---|---|

**Task 12: Drafting Supplemental Declaration for Preliminary Approval**

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Darren M. Cohen | $ 700.00 | 5.8 | $ 4,060.00 |

| **Fee Request for Task 12** | | **5.8** | **$ 4,060.00** |
|---|---|---|---|

**Task 13: Preliminary Approval Hearing and Begin Administration**

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Darren M. Cohen | $ 700.00 | 1.5 | $ 1,050.00 |

| **Fee Request for Task 13** | | **1.5** | **$ 1,050.00** |
|---|---|---|---|

**Task 14: Initiate and Complete Settlement Administration**

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Darren M. Cohen | $ 700.00 | 3.8 | $ 2,660.00 |

| **Fee Request for Task 14** | | **3.8** | **$ 2,660.00** |
|---|---|---|---|

**Task 15: Drafting Motions for Final Approval and Related Documents**

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Darren M. Cohen | $ 700.00 | 26.8 | $ 18,760.00 |

| **Fee Request for Task 15** | | **26.8** | **$ 18,760.00** |
|---|---|---|---|

**Task 16: Final Approval Hearing and Administration of Settlement (Future Time)**

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Darren M. Cohen | $ 700.00 | 5.0 | $ 3,500.00 |

| **Fee Request for Task 16** | | **5.0** | **$ 3,500.00** |
|---|---|---|---|

| Attorney | Rate | Hours by Task | | Total Hours | Total Amount |
|---|---|---|---|---|---|
| Darren M. Cohen | $ 635.00 | Meeting with Client, Pre-Filing, and Investigation | 9.6 | 169.2 | $  110,230.50 |
| | $ 635.00 | Filing Complaint and Drafting/Sending/Filing LWDA Letter | 12.5 | | |
| | $ 635.00 | Defendant's Removal and Remand Issues | 3.2 | | |
| | $ 635.00 | Stipulation for Relief from Local Rule 23-3 | 4.3 | | |
| | $ 635.00 | Initial Conferences and Correspondance with Defendant | 15.6 | | |
| | $ 635.00 | Prepare and Respond to Defendant's Formal Discovery | 9.5 | | |
| | $ 635.00 | Potential ADR Discussions and Initial Informal Exchanges | 7.5 | | |
| | $ 635.00 | Mediation Preparation and Conduct Mediation | 23.5 | | |
| | $ 635.00 | First Amended Complaint and Adding PAGA Claim | 3.2 | | |
| | $ 635.00 | Drafting and Finalizing Settlement Agreement and Terms | 15.3 | | |
| | $ 635.00 | Drafting Motion for Preliminary Approval and Related Documents | 22.1 | | |
| | $ 700.00 | Drafting Supplemental Declaration for Preliminary Approval | 5.8 | | |
| | $ 700.00 | Preliminary Approval Hearing and Begin Administration | 1.5 | | |
| | $ 700.00 | Initiate and Complete Settlement Administration | 3.8 | | |
| | $ 700.00 | Drafting Motions for Final Approval and Related Documents | 26.8 | | |
| | $ 700.00 | Final Approval Hearing and Administration of Settlement (Future Time) | 5.0 | | |
| | | | | | |
| Eric B. Kingsley | $ 750.00 | Meeting with Client, Pre-Filing, and Investigation | 1.7 | 14.8 | $   11,100.00 |
| | $ 750.00 | Filing Complaint and Drafting/Sending/Filing LWDA Letter | 2.4 | | |
| | $ 750.00 | Defendant's Removal and Remand Issues | 1.8 | | |
| | $ 750.00 | Stipulation for Relief from Local Rule 23-3 | 1.5 | | |
| | $ 750.00 | Initial Conferences and Correspondance with Defendant | 2.6 | | |
| | $ 750.00 | Prepare and Respond to Defendant's Formal Discovery | 0 | | |
| | $ 750.00 | Potential ADR Discussions and Initial Informal Exchanges | 0 | | |
| | $ 750.00 | Mediation Preparation and Conduct Mediation | 2.3 | | |
| | $ 750.00 | First Amended Complaint and Adding PAGA Claim | 0 | | |
| | $ 750.00 | Drafting and Finalizing Settlement Agreement and Terms | 2.5 | | |
| | $ 750.00 | Drafting Motion for Preliminary Approval and Related Documents | 0 | | |
| | $ 825.00 | Drafting Supplemental Declaration for Preliminary Approval | 0 | | |
| | $ 850.00 | Preliminary Approval Hearing and Begin Administration | 0 | | |
| | $ 850.00 | Initiate and Complete Settlement Administration | 0 | | |
| | $ 850.00 | Drafting Motions for Final Approval and Related Documents | 0 | | |
| | $ 850.00 | Final Approval Hearing and Administration of Settlement | 0 | | |

| | | | | | |
|---|---|---|---|---|---|
| **Total** | | | | **184.0** | **$   121,330.50** |

# EXHIBIT D

Printed from  Filevine



# Shamrock Foods Company adv. Arreola, Steven A
### Steven A. Arreola

## $ Historic Cost

| Amount:<br>$7,499.43 | Trialworks<br>TaskCode | Date<br>Incurred | Payee | Description |
|---|---|---|---|---|
| $0.50 | postage | 8/30/2019 | Postage | August Postage |
| -$50.00 | COSTS | 8/28/2019 | K&K | PARTIAL REFUND ON MEDIATION |
| $35.00 | COSTS | 8/9/2019 | Steven Arreola | reimb. For parking (mediation) |
| $275.80 | COSTS | 8/9/2019 | Darren Cohen | DMC attended mediation |
| $8.35 | postage | 8/1/2019 | Postage | July Postage |
| $5,163.38 | COSTS | 7/18/2019 | JAMS | mediation fee paid online w/cc |
| $450.00 | COSTS | 7/10/2019 | JAMS, Inc. | JAMS Ref#1210036502 |
| $1.45 | postage | 6/28/2019 | Postage | June 2019 |
| $104.95 | COSTS | 5/21/2019 | On-call | OC INV#117076 Shamrock 5.21.19 |
| $1,435.00 | Filing Fee | 3/21/2019 | On-call | Complaint and Complex filing fees |
| $75.00 | Filing Fee | 3/12/2019 | Labor and Work Force Development Agency | LWDA filing fee |

Page 1 of 1