UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04123 JAK (PLA) | Date | September 16, 2021 |
|---|---|---|---|
| Title | Steven Arreola v. Shamrock Foods Company, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT (DKT. 41);**

**UNOPPOSED MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS AND CLASS REPRESENTATIVE ENHANCEMENT AT FINAL APPROVAL OF CLASS ACTION SETTLEMENT (DKT. 42)**

**JS-6: CASE TERMINATED**

**I.      Introduction**

On March 21, 2019, Steven A. Arreola ("Arreola," or "Plaintiff") filed this putative wage-and-hour class action in the Los Angeles Superior Court against Shamrock Foods Company ("Shamrock," or "Defendant") and fictitiously named parties. Dkt. 1-1 at 3-16. The action was removed on the basis of jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) and (5). Dkt. 1. The First Amended Complaint ("FAC" (Dkt. 26)), which is the operative one, advances the following causes of action:

  i.   Failure to provide meal periods, in violation of Cal. Lab. Code §§ 226.7, 512;
  ii.  Failure to provide rest periods, in violation of Cal. Lab. Code § 226.7;
  iii. Failure to furnish itemized wage statements that comply with state law, in violation of Cal. Lab. Code § 226(a);
  iv.  Waiting time penalties pursuant to Cal. Lab. Code § 203;
  v.   Violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; and
  vi.  Civil penalties pursuant to the Private Attorney General Act ("PAGA"), Cal. Lab. Code § 2699.

Plaintiff filed a notice of settlement on August 16, 2019. Dkt. 27. Plaintiff filed an unopposed motion for preliminary approval of class action settlement on December 2, 2019 ("Motion"). Dkt. 30; Dkt. 32 (Defendant's notice of non-opposition). The Motion was supported by the following: a memorandum of points and authorities (Dkt. 30-1); the declaration of Darren M. Cohen, Plaintiff's counsel ("Cohen Decl." (Dkt. 30-2)); a copy of the settlement agreement ("Settlement Agreement" (Dkt. 30-3 at 2-28)); the proposed notice to class members, including a form that class members may use to provide the settlement administrator with updated contact information or to dispute the number of workweeks for which they are credited ("Proposed Notice" (Dkt. 30-3 at 29-37)); an automated notice that Plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04123 JAK (PLA) | Date | September 14, 2021 |
|---|---|---|---|
| Title | Steven Arreola v. Shamrock Foods Company, et al. | | |

counsel received from the California Labor and Workforce Development Agency ("LWDA") after notifying the LWDA about the Settlement Agreement (Dkt. 30-4); and a proposed notice to members of a subclass of class members ("PAGA Class") (Dkt. 30-5). Plaintiff subsequently filed a stipulation with respect to a minor change to the Settlement Agreement that shortened the time period that applies to the PAGA Class (Dkt 34-1 at 1-4), and a corresponding, updated version of the notice for the PAGA Class that accounts for this change (Dkt. 34-1 at 5-6).

On May 20, 2021, the Preliminary Approval Motion was granted, subject to a de novo review of attorney's fees, litigation costs and Plaintiff's incentive awards. Dkt. 39 (the "May 2021 Order"). On June 15, 2021, the parties filed a stipulation to correct an error in the PAGA Class Definition identified in the May 2021 Order. Dkt. 40.

On August 6, 2021, Plaintiff filed an Unopposed Motion for Final Approval of Class and Collective Action Settlement. Dkt. 41 (the "Final Approval Motion"). On the same day, Plaintiff filed a Motion for Attorney's Fees. Dkt. 42 (the "Fee Motion"). On August 20, 2021, Defendant filed a Notice of Non-Opposition. Dkt. 43.

A hearing on the Motions was held on August 30, 2021. For the reasons stated in this Order, the Final Approval Motion and the Attorney's Fees Motion are **GRANTED**. An award of attorney's fees of $103,250 to counsel for Plaintiff and the class is approved. An award of $7,499.43 in costs as well as a $6000 incentive award to Plaintiff are approved.

**II.     Summary of the Settlement Agreement**

       A.     Class and PAGA Class Definitions

The Settlement Agreement, as amended by two joint stipulations, defines the Class and PAGA Class, respectively, as follows:

> (1) "All persons who are employed or have been employed as an hourly non-exempt employee by Shamrock Foods Company, excluding commercial drivers and employees who signed arbitration agreements, in the State of California from March 21, 2015 to April 30, 2019." ("Class" or "Class Members")

> (2) "All persons who are employed or have been employed as an hourly non-exempt employee by Shamrock Foods Company, in the General Warehouse position at Shamrock Foods Company's facility in Eastvale, California, from December 1, 2018 to April 30, 2019." ("PAGA Class" or "PAGA Members")

Dkt. 30-3 ¶ 8; Dkt. 34-1 at 3.; Dkt. 40 at 3.

       B.     Gross Fund and Deductions

              1.     In General

The Settlement Agreement provides for a Gross Fund Value ("GFV") of $295,000. Dkt. 30-1 at 11-12;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04123 JAK (PLA) | Date | September 14, 2021 |
|---|---|---|---|
| Title | Steven Arreola v. Shamrock Foods Company, et al. | | |

Dkt. 30-3 ¶ 18. The GFV is non-reversionary. After deductions have been made from the GFV, the remaining Net Settlement Fund ("NSF") will be distributed among the Class Members. The deductions from the GFV are summarized in the following table:

| | Amount | Percent of GFV |
|---|---:|---:|
| **Gross Fund Value ("GFV")** | **$295,000.00** | **100%** |
| Attorneys' Fees | ($103,250.00) | 35.00% |
| Litigation Costs | ($12,000.00) | 4.07% |
| Incentive Award to Named Plaintiff | ($7,500.00) | 2.54% |
| Settlement Administration Costs | ($7,000.00) | 2.37% |
| PAGA Payment to LWDA (75% of PAGA Award Value) | ($15,000.00) | 5.08% |
| **Net Settlement Fund** | **$150,250.00** | **50.93%** |
| Payment to PAGA Members (25% of PAGA Award Value) | **$5,000.00** | **1.69%** |
| Payment to Class Members ("Net Settlement Amount") | **$145,250.00** | **49.24%** |

Dkt. 30-3 ¶ 19(e)-(g)(iv).

       2.      <u>Payments to Class Members</u>

Of the $150,250 NSF, $5000 is to be paid to the PAGA Class. The payments to PAGA Members are to be calculated as follows:

> The payment for the PAGA Class Members shall be calculated by dividing the remaining twenty-five percent (25%) by the total number of workweeks worked by PAGA Class Members and paying the resulting amount to each PAGA Class Member based on the number of workweeks he/she worked.

*Id.* ¶ 19(g)(iv).

Plaintiff refers to the balance, which would be $145,250.00 if the deductions requested by the parties are approved, as the "Net Settlement Amount" ("NSA"). The Net Settlement Amount is to be allocated to Class Members as follows:

> The NSA will be divided by the total number of workweeks worked by all eligible Class Members during the Class Period. This calculation will result in an amount reflecting the settlement value to be assigned to each workweek worked by any eligible Class Member ("Workweek Settlement Value"). Each Settlement Class Member will receive a Settlement Payment calculated by multiplying the number of workweeks he or she worked during the Class Period by the Workweek Settlement Value. PAGA Members will automatically receive a settlement payment based on workweeks worked.

*Id.* ¶ 19(g)(i).

The parties propose that each PAGA Member receive an IRS Form 1099 for the fraction of the PAGA civil penalties that are allocated to PAGA Members, and that each PAGA Member "be responsible for correctly characterizing this compensation for tax purposes and for payment of any taxes owing on said

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04123 JAK (PLA) | Date | September 14, 2021 |
|---|---|---|---|
| Title | Steven Arreola v. Shamrock Foods Company, et al. | | |

amount." *Id.* ¶ 19(g)(iv). As to the payments to Class Members for the other class claims, two-thirds of each payment would be characterized as "interest and penalties" for which an IRS Form 1099 would be issued, and for which each Class Member would "be responsible for correctly characterizing this compensation for tax purposes and for payment of any taxes owing on that amount." *Id.* ¶ 19(g)(iii). The remaining one-third of each payment would be characterized as unpaid wages for which an IRS Form W-2 would be issued, and payroll and employment taxes would be deducted. *Id.* Shamrock would be responsible for paying all employer-side payroll and employment taxes owed for payments characterized as unpaid wages, without drawing upon the settlement fund. *Id.* ¶¶ 18, 19(d).

        3.    <u>Class Representative Enhancement</u>

Under the terms of the Settlement Agreement, named Plaintiff Steven V. Arreola would receive an enhancement payment of $7500. *Id.* ¶ 19(i).

        4.    <u>Settlement Administration Costs</u>

The parties have stipulated that Simpluris, Inc. would serve as the settlement administrator. *Id.* ¶ 20. The parties propose a budget of $7000 for claims administration, and that any unused funds would revert to the NSF. *Id.* ¶ 19(f).

    C.    Notice and Payment Plan

        1.    <u>Notice</u>

Timely notice of the settlement was provided by the Settlement Administrator to members of the Settlement Class. Dkt. 41-2 ¶¶ 5-10. On June 24, 2021, the Settlement Administrator mailed the court-approved Notice to 111 Class Members. *Id*. ¶ 8. The Notice provided information about the following: the principal terms of the settlement, including the claims to be released; the definition of the Class; the procedures for opting out of the settlement; and the implications of doing nothing. *Id.* ¶ 5; Dkt. 39 at 6-7. Notice was not separately provided to PAGA Class Members. Dkt. 41-2 ¶ 8.

After performing skip-trace searches, two addresses were eventually determined to be undeliverable. *Id*. ¶ 10. Thus, about 1.8% of the members did not receive the Notice.

The deadline for responding to the Notice was August 9, 2021. *Id.* ¶ 15. As of August 3, 2021, the Settlement Administrator had not received any requests for exclusion. *Id.* ¶ 16.

        2.    <u>Payment Plan</u>

Within 15 days of the receipt of funds from Defendant following final approval of the Settlement Agreement, the Settlement Administrator is to cause checks to be sent to Class Members. Dkt. 30-3 ¶ 19(g)(vi). Any check that is not negotiated within 180 days of the date of mailing, is to be transferred to the Legal Aid Foundation of Los Angeles as a *cy pres* recipient pursuant to Cal. Code Civ. Proc. § 384(b). *Id.* ¶ 19(k). The Settlement Administrator is to be responsible for issuing IRS Forms W-2 and 1099 as required by the Settlement Agreement. *Id.* ¶ 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04123 JAK (PLA) | Date | September 14, 2021 |
|---|---|---|---|
| Title | Steven Arreola v. Shamrock Foods Company, et al. | | |

The parties provide few details as to how the PAGA civil penalty would be paid to PAGA Members, except that the PAGA civil penalty would be "automatically" paid to them, and that the Settlement Administrator would send both the checks and copies of IRS Form 1099 to PAGA Members. *Id.* ¶ 19(g)(i); Dkt. 30-1 at 15.

      D.      Release of Claims

            1.      <u>Class Member Release and PAGA Member Release</u>

The Class Members would be subject to the following release:

> Upon final approval of this Stipulation of Settlement by the Court, and except as to such rights or claims as may be created by this Stipulation of Settlement, the Class and each member of the Class who has not submitted a valid Request for Exclusion, fully releases and discharges Defendant, and all subsidiary and affiliated corporations and business entities of Defendant, and all shareholders, officers, directors, agents, managers, associates, employees, representatives, attorneys, insurers, successors and assigns of those corporations and entities (collectively "Released Parties"), from any wage and hour-related claims, causes of action, damages, restitution, penalties and other relief of any kind with respect to the Class Period, including but not limited to, under Labor Code §§ 203, 226(a), 226.7, 512, and 2699, *et seq.*, Business & Professions Code § 17200, or based on, arising from, or relating to claims that during the Class Period employees were not provided or paid for meal and/or rest periods, did not receive compliant wage statements, were not paid all wages upon termination or resignation, and any claims, facts, and allegations that were pled or could have been pled in the Complaint and First Amended Complaint, or any other related or derivative claims in law or equity based on subject matter hereof from March 21, 2015 to April 30, 2019. Excluded are claims unrelated to alleged wage-and-hour violations, including but not limited to claims for alleged unlawful discrimination or harassment. This release excludes the release of claims not permitted by law.

Dkt. 30-3 ¶ 28.

The PAGA Members would be subject to the following release:

> Upon final approval of this Stipulation of Settlement by the Court, and except as to such rights or claims as may be created by this Stipulation of Settlement, the PAGA Class, fully releases and discharges Defendant, and all subsidiary and affiliated corporations and business entities of Defendant, and all shareholders, officers, directors, agents, managers, associates, employees, representatives, attorneys, insurers, successors and assigns of those corporations and entities, from any causes of action, penalties and other relief of any kind with respect to the Class Period under California Labor Code § 2699, *et seq.*, arising from the First Amended Complaint from March 21, 2018 to April 30, 2019.

*Id.* ¶ 29.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04123 JAK (PLA) | Date | September 14, 2021 |
|---|---|---|---|
| Title | Steven Arreola v. Shamrock Foods Company, et al. | | |

        2.        <u>Release Applicable to Plaintiff Alone</u>

The Settlement Agreement provides for a much broader release of any claims that Plaintiff may have against Shamrock. *Id.* ¶¶ 30-34.

**III.**      <u>**Analysis**</u>

        A.        Class Certification

The May 2021 Order as to the Preliminary Approval Motion analyzed whether conditional certification of the Settlement Class was appropriate. Dkt. 39 at 9-13. This analysis, which is incorporated by this reference, resulted in that Motion being granted. The analysis of these factors, and the resulting outcome, have not changed. Therefore, the Final Approval Motion is **GRANTED** as to certification of the Settlement Class.

        B.        Final Approval of the Settlement Agreement

                1.        <u>Legal Standards</u>

Fed. R. Civ. P. 23(e) requires a two-step process in considering whether to approve the settlement of a class action. First, during the preliminary approval process, a court must make a preliminary determination as to whether the proposed settlement is "potentially" "fair, adequate, and reasonable." *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007) (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003)). In the second step, which occurs after preliminary approval, notification to class members, and the compilation of information as to any objections by class members, the court determines whether final approval of the settlement should be granted by applying several criteria.

In evaluating fairness, a court must consider "the fairness of a settlement as a whole, rather than assessing its individual components." *Lane v. Facebook, Inc.*, 696 F.3d 811, 818-19 (9th Cir. 2012). Courts in the Ninth Circuit apply the seven so-called *Hanlon* factors:

    (1) the strength of the plaintiff's case;
    (2) the risk, expense, complexity and likely duration of further litigation;
    (3) the amount offered in settlement;
    (4) the extent of discovery completed and the stage of the proceedings;
    (5) the experience and views of counsel;
    (6) any evidence of collusion between the parties; and
    (7) the reaction of the class members to the proposed settlement.

*See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458-60 (9th Cir. 2000) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011)). Each factor does not necessarily apply to every class action settlement, and other factors may be considered. For example, courts often consider whether the settlement is the product of arms-length negotiations. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04123 JAK (PLA) | | Date | September 14, 2021 |
|---|---|---|---|---|
| Title | Steven Arreola v. Shamrock Foods Company, et al. | | | |

resolution.").

Rule 23(e) provides further guidance as to the requisite considerations in evaluating a proposed settlement. The factors set forth in Rule 23(e) distill the considerations historically used by federal courts to evaluate class action settlements. As the Advisory Committee comments explain, "[t]he goal of [the] amendment [was] not to displace any factor" that would have been relevant prior to the amendment, but rather to address inconsistent "vocabulary" that had arisen among the circuits and "to focus the court and the lawyers on the core concerns" of the fairness inquiry. Fed. R. Civ. P. 23, Advisory Committee's Comments to 2018 Amendments. The Ninth Circuit has emphasized the importance of considering each of the specific factors identified in Rule 23(e). *Briseño v. Henderson*, 998 F.3d 1014, 1026 (9th Cir. 2021).

Under Rule 23(e)(2), a court must consider whether:

    (A) the class representatives and class counsel have adequately represented the class;
    (B) the proposal was negotiated at arm's length;
    (C) the relief provided for the class is adequate, taking into account:
        (i) the costs, risks, and delay of trial and appeal;
        (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
        (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
        (iv) any agreement required to be identified under Rule 23(e)(3); and
    (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

        2.      Application

                a)      Analysis in the May 2021 Order as to Overall Fairness

The May 2021 Order addressed many of the aforementioned factors. Dkt. 39 at 14-18. None of the facts and circumstances as to any of them has changed since that time. However, because the Settlement Administrator has completed the notice process, the reaction of members of the Settlement Class to the proposed settlement may now be considered in evaluating whether it is fair and appropriate.

Of the 111 class members, none objected or opted out. A low proportion of opts outs and objections "indicates that the class generally approves of the settlement." *In re Toys R Us-Delaware, Inc. -- Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 456 (C.D. Cal. 2014) (collecting cases); *see also In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." (quoting *Nat'l Rural Telecomms. Corp. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528-29 (C.D. Cal. 2004))). Therefore, this factor weighs in favor of final approval.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04123 JAK (PLA) | Date | September 14, 2021 |
|---|---|---|---|
| Title | Steven Arreola v. Shamrock Foods Company, et al. | | |

Because there have been no material changes in any of the relevant circumstances since the May 2021 Order, the same determinations are warranted at this time with respect to the fairness analysis. Therefore, the distribution of the settlement funds in the manner set forth in the May 2021 Order is approved.

    C.    Attorney's Fees

        1.    Legal Standards

Attorney's fees and costs "may be awarded . . . where so authorized by law or the parties' agreement." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). However, "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount*." Id*. "If fees are unreasonably high, the likelihood is that the defendant obtained an economically beneficial concession with regard to the merits provisions, in the form of lower monetary payments to class members or less injunctive relief for the class than could otherwise have [been] obtained." *Staton*, 327 F.3d at 964. Thus, a district court must "assure itself that the fees awarded in the agreement were not unreasonably high, so as to ensure that the class members' interests were not compromised in favor of those of class counsel." *Id.* at 965.

District courts have discretion to choose between a lodestar method and a so-called "percentage method" to calculate fees in a class action. *In re Mercury Interactive Corp. Secs. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010). A court may also choose one method and then perform a cross-check with the other. *See, e.g.*, *Staton*, 327 F.3d at 973.

When using the percentage method, a court examines what percentage of the total recovery is allocated to attorney's fees. Usually, the Ninth Circuit applies a "benchmark award" of 25%. *Id.* at 968. However, many awards that deviate from the benchmark are approved. *See Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("Ordinarily, . . . fee awards [in common fund cases] range from 20 percent to 30 percent of the fund created.").

"The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 941. After the lodestar amount is determined, a trial court "may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). A court has discretion to "adjust the lodestar upward or downward using a multiplier that reflects a host of reasonableness factors, including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." *Stetson v. Grissom*, 821 F.3d 1157, 1166-67 (9th Cir. 2016) (internal quotation marks and citation omitted).

        2.    Application

            a)    Attorney's Fees

The May 2021 Order approved a fee award in the range of $85,000 (*i.e.*, 28.8% of the Gross Fund

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04123 JAK (PLA) | Date | September 14, 2021 |
|---|---|---|---|
| Title | Steven Arreola v. Shamrock Foods Company, et al. | | |

Value) to $103,250 (*i.e.*, 35% of the Gross Fund Value), with a final determination of the amount awarded to be made in connection with the motion for final approval. Dkt. 39 at 23. Plaintiff requests final approval of an attorney's fee award of $103,250, exclusive of costs. Dkt. 42 at 2.

In support of their fee request, Plaintiff's counsel note that: the results obtained are significant; the litigation presented significant risks; their skill and experience was necessary in light of the complexities presented by this action; they took the case on contingency and risked incurring no recovery at all; and awards in similar cases are consistent with their request. *Id.* at 23-25.

For these reasons, the Attorney's Fees Motion is **GRANTED** as to the request for attorney's fees, and a payment of attorney's fees of $103,250 is approved. As discussed at the hearing, this amount is justified in part by the additional fees that are expected to be incurred in concluding the settlement process.

      b)      Costs

Plaintiff's counsel seeks an award of $7,499.43 in costs. *Id.* at 26. In connection with the Fee Motion, Plaintiff's counsel submitted firm records detailing these costs. Dkt. 42-1 at 45-46. The costs include mediation fees, document and filing fees, parking fees and postage fees. *Id.* A review of these costs confirms that all of them were reasonable and necessary.

For these reasons, the Attorney's Fees Motion is **GRANTED** as to the request for the reimbursement of costs of $7,499.43.

    D.    Incentive Award

      1.    <u>Legal Standards</u>

"[N]amed plaintiffs . . . are eligible for reasonable incentive payments." *Staton*, 327 F.3d at 977. To determine the reasonableness of incentive awards, the following factors may be considered:

> 1) The risk to the class representative in commencing suit, both financial and otherwise; 2) the notoriety and personal difficulties encountered by the class representative; 3) the amount of time and effort spent by the class representative; 4) the duration of the litigation; and 5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

*Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995).

      2.    <u>Application</u>

Plaintiff seeks an incentive award of $7500. Plaintiff argues that he made important contributions to this action, and that in doing so he took on the risk of unfavorable treatment by future employers. Dkt. 42 at 28. Plaintiff also submitted a declaration describing the work that he undertook. Dkt. 42-3. This included investigating his employer's workplace practices; seeking counsel; responding to discovery requests; participating in a mediation conference; and participating in the settlement process. *Id.* ¶¶ 9-18. In total,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04123 JAK (PLA) | Date | September 14, 2021 |
|---|---|---|---|
| Title | Steven Arreola v. Shamrock Foods Company, et al. | | |

Plaintiff estimates he spent 42 hours in his role, which would result in an hourly rate of approximately $179.

For these reasons, the Motion is **GRANTED** as to the request for an incentive award, and a payment of an incentive award of $6000 to Plaintiff is approved. This reduction reflects a more reasonable valuation of the time spent by Plaintiff and of the potential risks that he may face in future employment opportunities.

**IV.      Conclusion**

For the foregoing reasons, the Final Approval Motion and the Attorney's Fees Motion are **GRANTED**, under the terms stated in this Order**.**

                                                                                          :

Initials of Preparer    tj